## Case No. 1,507.

### BLANCHARD v. BROWN.

[1 Wall. Jr. 309.] [1]

Circuit Court, D. Pennsylvania. April 16, 1849.

JURY—PRACTICE—PEREMPTORY CHALLENGE.

No peremptory challenges are allowed in this court where the jury has already been struck on both sides.

This cause coming before a jury which had been struck on both sides, Mr. Hirst asked permission to make two more peremptory challenges, in the way allowed in the state courts under the act of their legislature (Act April 4, 1809, § 2) which provides "that in all civil suits each party shall be allowed to challenge two jurors peremptorily." He said that the state practice had been uniformly adhered to in this court for twenty years; a statement in which Mr. Randall and other gentlemen of considerable experience, had confirmed him in a previous case (White v. Brown [Case No. 17,538]), where the right was a good deal insisted upon, as part of the settled practice of the court.

GRIER, Circuit Justice. I have allowed these challenges to be made once or twice by consent of parties; but it is in violation of common sense and of the spirit of the decision of the supreme court of Pennsylvania which refused to extend the privilege in the case of special juries further than the letter of the act required. Shwenk v. Umstead, 6 Serg. & R. 351. Their language is thus, and we entirely agree with it: "The sense and spirit of the privilege is, that a party shall possess the power of challenging at least two persons who may be obnoxious to him, but against whom there is no legal exception as jurors. This is a proper indulgence even

[1] [Reported by John William Wallace, Esq.]

to prejudice; but the reason ceases when he has an opportunity of striking off twelve. If a practice had not prevailed to the contrary, I should much doubt this right in any case of special jury. Why should this indulgence and arbitrary discretion be extended to fourteen? Why should the suitor, after striking out at his pleasure, one full jury, have the right, on the trial, to strike out two jurors more without cause? He has, in the words of the venire, put himself on the jury so struck."

If the state practice has been adopted here it has been through inattention; and now that its incorrectness is pointed out, will not be allowed any more. I may further say that I believe that even in the state, the practice is confined to the south eastern part of it. It does not, I know, prevail in the west. Challenges refused.