### BELINDA SHULL vs. DYAR RAYMOND.

### June 26, 1876.

Practice—Exceptions to Charge.—Where different requests to charge the jury were refused, and the court also charged the jury at large, the exception, " defendant now excepts to each and every part of the .charge, and also to the refusal of the court to give requests of defendant as requested," is not a good exception.

Slander—Intent with which Defamatory Words are Spoken.—In an action for slander, a request to charge the jury that " words are not slanderous unless spoken with intent to slander, and so understood by the hearers," was correctly refused.

Appeal by defendant from an order of the district court for Dakota county, *Crosby*, J., presiding, refusing a new trial.

*S. L. Pierce*, for appellant.

*Seagrave Smith*, for respondent.

GILFILLAN, C. J.   This is an action for slander, in charging a married woman with having committed adultery.   The complaint sets out the words, which, in the meaning given them by the dictionaries, would not be actionable, because not imputing any offence to the plaintiff.   But the complaint also alleges that the words are slang words, in common use, and mean sexual intercourse between man and woman, and that they were used by defendant, and understood by the hearers in that sense.   The evidence was sufficient to justify

the jury in finding that the words were used and understood in that sense.

On the trial defendant offered to prove by a witness, who was not present when the slanderous words were spoken, what was said afterwards, on the same evening. This was objected to, but no ground for the objection stated, and the court sustained the objection. The evidence offered was of that character that it could not have been made proper, though the specific ground of objection had been pointed out; and, even if (in strict practice) it ought to have been specified, no prejudice could have been done defendant by sustaining the objection without such specification.

The defendant presented four separate propositions, requesting the court to give them as instructions to the jury. Of these the court gave three, modified or qualified, and the fourth it refused. It also instructed the jury at large. The exception to the charge and refusals is in these words: "Defendant now excepts to each and every part of the charge, and also to the refusal of the court to give requests of defendant, as requested." This we understand to be but a single exception, and not a statement that a separate exception was taken to each proposition stated by the court in its charge, and to each refusal, and it is, therefore, insufficient. The office of an exception is to point out, and call the attention of the court to, any proposition of law which is claimed to be erroneous, so that, if the court has inadvertently stated any rule of law erroneously, it may at once correct it. If a party, after a charge containing various propositions, states that he excepts to each and every part of it, this does not perform the office of an exception. No question can be raised here upon the exception we have stated.

To the refusal to give one of the requests a proper exception was taken. The request was this: "Words are not

slanderous unless spoken with intent to slander, and so understood by the hearers." This definition is taken from Hilliard on Torts, 3d ed. 228; but we think that, as applied in a civil action, it is inaccurate. Spoken words which impute a crime, if true, are not actionable. Blackstone says, (3 Bl. Com. 125:) "Also, if the defendant be able to justify and prove the words to be true, no action will lie, even though special damage hath ensued; for then it is no slander or false tale." And Lord Ellenborough, in *Maitland* v. *Goldney*, 2 East, 426: "In order to maintain this species of action, it is necessary that there should be malice in the defendant, and an injury to the plaintiff, and that the words should be untrue." And Lord Camden, in *Beavor* v. *Hides*, 2 Wils. 300: "If words are true, they are no slander, but may be justified." A party may make a false charge against another, believing it to be true, not intending to state what is false; yet, if the charge be false, the speaker's belief in its truth is no defence. It is, nevertheless, a slander. The test is not, does he intend to make a false charge? but, does he intend by the words used to make the charge, and do the hearers understand the party to so intend, and is the charge, as made, false?

The definition from Hilliard would, if given to a jury, lead them to believe that, to make the words actionable, it is necessary that the party slandering should speak the words knowing them to be false, should intend to tell a falsehood, and should be understood as so intending. And, besides, the party may not even intend to make the charge seriously—may intend it as a jest—and yet use such words that the hearers will be justified in believing, and will believe, the charge as seriously made. In such case an action will lie. The proposition or definition in the request might lead a jury to believe that, though the words used may justify the hearers in believing, and they do believe, the charge made to be true, yet, if the speaker intend them

in jest, they are not slanderous. The request was properly refused.

Order affirmed.

BERRY, J., *concurring*. If "each and every" proposition in a charge was erroneous, I am of opinion that an exception to each and every part of the charge would be sufficient. This remark is only important with reference to the statement of a general rule, since, in the case at bar, there is no claim, nor ground for claim, that the charge was in all particulars erroneous.