GEORGE H. WATSON *vs.* ST. PAUL CITY RAILWAY COMPANY.

November 18, 1889.

**Struck Jury—Talesmen—Challenge.**—Under the statute in relation to struck juries, no peremptory challenges are allowed to any of the jurors composing the panel as finally made up.

**Street Railway — Cable Line — Care required of Company.**—An instruction to the jury that a street railway company, as respects precautions for the safety of passengers, is bound to exercise the greatest care and foresight in the construction and operation of a cable line, *held* to state the correct rule.

**Impeachment of Witness — Foundation Requisite.**—Contradictory extrajudicial statements cannot be introduced in evidence for the purpose of impeachment until the foundation is laid by the proper preliminary inquiries of the witness whose credibility is questioned.

**New Trial — Improper Remarks of Counsel.** — Whether improper remarks in the presence of the jury are such as are calculated to prejudice the case is to be determined, ordinarily, by the trial court; and an order granting or refusing a new trial for such cause will not be disturbed on appeal, except in case of clear abuse of discretion.

Appeal by defendant from an order of the district court for Ramsey county, *Wilkin,* J., presiding, refusing a new trial after verdict of $4,000 for plaintiff. The action was for personal injuries to plaintiff, a passenger in a car upon defendant's cable line, resulting from alleged negligence of defendant. The remarks of plaintiff's counsel referred to in the opinion, were made in his closing address to the jury, and were to the effect that there was no defence and none should have been attempted; and that in a case which he defended for the Northern Pacific Railroad Co. where it was admitted that plaintiff was entitled to recover, and the only contest was as to the extent of his injuries, the verdict was for $8,000.

*H. J. Horn,* for appellant.

*C. D. & Thos. D. O'Brien,* for respondent.

VANDERBURGH, J.   1. A struck jury was summoned in this case, and upon the trial, the requisite number not appearing, the sheriff

was ordered to summon a sufficient number of talesmen to complete the panel. The court refused to allow any peremptory challenges to any of the jurors, on the ground that such challenges are not allowed or contemplated by the statute providing for such juries. We think the court ruled correctly. The provision for striking takes the place of the right to peremptory challenges. 1 Thomp. Trials, § 43; *Blanchard* v. *Brown,* 1 Wall. Jr. 309; *Branch* v. *Dawson,* 36 Minn. 193, (30 N. W. Rep. 545.) Our statute (Gen. St. 1878, *c.* 71, § 15) is copied from that of Ohio, (Laws 1853,) except that in the original act there is no provision for calling in talesmen. It is held there that the panel must be made up of the struck jurors, and if 12 do not appear, or are not brought in, the places of absentees cannot be filled by talesmen, and that there cannot be a struck jury, under the statute, unless made up of the number originally selected. *Cleveland, etc., R. Co.* v. *Stanley,* 7 Ohio St. 155. But, under the added provision for talesmen in the statute as adopted by the legislature in our state, talesmen may be summoned if a sufficient number of the struck jurors do not appear; and the jury still retains its distinctive character as a struck jury under the statute, in which it is clear that no provision was made for peremptory challenges, and no such challenges were contemplated. The procedure, in its essential features, resembles that for the selection of jurors in the justice's court. Gen. St. *c.* 65, § 58. We see no reason why the court might not, on the application of either party, compel the appearance of struck jurors who absent themselves, so that in practice talesmen may be avoided, or, at least, a disproportionate number of them need not necessarily be called, unless the parties consent. But, if peremptory challenges are to be allowed in such cases, then each party may exercise the full number allowed in civil actions, though there be but a single vacancy to be filled. It is very clear, we think, that such challenges are not admissible in the case of struck juries.

2. The modification of defendant's tenth instruction was correct. The proposition of counsel was: "The law does not require that such additional precautions as it is apparent after the accident might have prevented the same should have been previously adopted, but only such as would be dictated by the care and prudence of a cautious and

careful person before the accident, and without knowledge that it was about to occur." The modification made was in respect to the degree of care requisite, and as to such precautions the court substituted for the last part of the request the words "unless they are of such a character as should have been contemplated, in the exercise of the greatest care and foresight." The defendant is a carrier of passengers, and, as respects the construction and condition of its track and road-bed, as well as its cars and their management, the extreme rule as stated by the court is applicable generally, as in the case of other carriers. *Smith* v. *St. Paul City Ry. Co.*, 32 Minn. 1, (18 N. W. Rep. 827.)

3. The offer of testimony to discredit the witness Byrne was properly ruled out. It was proposed to contradict his statements, without having first called his attention to the time, place, or other material circumstance involved in the supposed contradiction. The proper foundation was not laid, and the court followed the rule as recognized and adopted in this state. *Horton* v. *Chadbourn*, 31 Minn. 322, (17 N. W. Rep. 865.)

4. The remarks of counsel for the plaintiff in respect to the character of the defence and the usual verdicts in this class of cases did not constitute "misconduct," such as to justify this court in reversing the decision of the trial court on the question. It was in the discretion of that court to determine, upon its own observation and judgment, the effect of such remarks upon the jury, and whether they were prejudicial to the defendant. *Loucks* v. *Chicago, Mil. & St. Paul Ry. Co.*, 31 Minn. 526, 535, (18 N. W. Rep. 651;) *Com.* v *White*, 148 Mass. 430, (19 N. E. Rep. 222.) The damages were not excessive, in the opinion of the trial court, and upon that matter we can discover no ground for interfering with its decision.

Order affirmed.