STATE OF MINNESOTA *vs.* WILLIAM H. ADAMSON.

April 26, 1890.

Forgery—Alteration of Chattel Mortgage after Filing.—Under an indictment for forgery in the second degree, (Pen. Code, § 398, subd. 2,) committed by inserting in a chattel mortgage a description of property not originally included therein, it is not a defence that the mortgage was on file as a matter of public record at the time of the forgery, so that the act may have constituted also the offence of mutilating or altering a public record.

Same—When Mortgage had been Paid.—Such forgery may be committed and constitute an offence although the mortgage had in fact been paid.

Same—Indictment—Sufficiency of.—It is not necessary, under the Code, to allege the person intended to be defrauded, nor the value of the property thus added to the mortgage.

Trial—Improper Remarks of Counsel.—Improper remarks of counsel to the jury in the course of the trial are to be shown by a settled case or bill of exceptions, and not by affidavit. The refusal of the court to grant a new trial for such cause *held* not an abuse of discretion.

Same—Former Conviction of Witness, how Proved.—The former con- viction of a witness for crime may be shown, under the Code, by his cross-examination.

Same—Evidence to Explain Conduct of Witness.—Evidence in expla- nation of the conduct of a witness *held* admissible to rebut an inference, suggested by his conduct, as to the truthfulness of his testimony.

Same—Insufficient Exception to Charge.—Several distinct requests for instruction to the jury having been presented to the court, most of which were in substance embodied in the general charge, and one of which was erroneous, an "exception to the refusal of the court to charge the jury as requested" is not sufficient to entitle the party to a review as to the re- fusal of any of the specific requests.

New Trial—Misconduct of Juror.—The refusal of the trial court to grant a new trial sustained, although there was proof of the fact that a juror, in the course of the trial, when going to his home at night, went into a saloon with another person, and drank whiskey.

Immaterial evidence properly excluded.

Evidence *held* sufficient to justify the verdict.

Appeal by defendant from a judgment of the district court for Hennepin county, and from orders by *Hooker*, J., refusing a new trial and denying a motion in arrest of judgment. At the trial it ap- peared that after the making of the mortgage and before the date of the alteration which defendant was charged with making, the prop- erty covered by the mortgage as altered was sold by the mortgagor to one Woodward. The latter, called as a witness by the state, admit- ted on cross-examination that, at a date later than that of the alleged alteration, the defendant brought replevin against him for all the property described in the mortgage as altered, and that he made no defence, and the defendant recovered judgment. On his redirect ex- amination, he was permitted to testify (defendant objecting and ex- cepting) that his failure to defend was owing to his want of means to employ an attorney. The nature of the prosecution and the other exceptions taken are stated in the opinion.

*Merrick & Merrick*, for appellant.

*Moses E. Clapp*, Attorney General, and *Robert Jamison*, for the State.

DICKINSON, J.   The defendant was tried and convicted upon an indictment charging the crime of forgery in the second degree, under the sixth paragraph of subdivision 2 of section 398 of the Penal Code. The forgery charged consisted of the inserting in a chattel mortgage, which had been executed by one Norris to one Charles E. Adamson, of a description of certain personal property which had not been embraced in the mortgage as given, so that the property thus added appeared to be a part of the property mortgaged.   It is claimed that the allegations in the indictment do not show the crime of forgery in the second degree to have been committed, but that, if any offence is shown, it was the forging or mutilating of a public record, for the reason that the mortgage had been filed for record.   That the mortgage had been thus made a public record is no reason why the act charged would not be forgery, and come within the terms and intent of the statute above cited.

Again, it is urged that the indictment is insufficient for the reason that it is not alleged that the mortgage was unsatisfied and in force at the time of the commission of the alleged offence, nor whom it was intended to defraud.   We deem the indictment sufficient.   The statute declares that a person is guilty of forgery in the second degree who, "with intent to defraud, forges   *   *   *   an instrument or writing, being or purporting to be the act of another, by which a pecuniary demand or obligation is or purports to be or to have been created, increased, discharged, or diminished, or in any manner affected, or by which any rights or property whatever are or purport to be or to have been created, transferred, conveyed, discharged, increased, or diminished, or in any manner affected,   *   *   *   by which false making, forging, altering, or counterfeiting any person may be bound, affected, or in any way injured, in his person or property."   It was not essential, to constitute a crime under this statute, that the mortgage forged should be still in force at the time of the forgery.   It would be enough that rights or property be or purport to be "or to have been" created or affected.   Such is the statute, and it is easy to conceive that the mortgagor might be injured by such a forgery, even though the debt had been paid.   An illustration of such a case may be suggested.   One owning a horse and a

cow mortgages the horse to another, and afterwards, during the existence of the mortgage, sells the cow. After the payment of the mortgage, but while the instrument remains on record, the mortgagee forges and inserts in the instrument a description of the cow, so that upon the face of the instrument it appears that the cow was embraced in the mortgage as given. Then the mortgagee institutes criminal proceedings against the mortgagor for having sold mortgaged property during the existence of the mortgage. The forged instrument would be *prima facie* proof of a fact to be established in the course of such a prosecution; that is, that the cow had been mortgaged. Again, the mortgagor might be injured by such a forgery in another way. It would impose an apparent incumbrance upon personal property which he in fact had never incumbered.

As to the absence of an averment as to the particular person intended to be defrauded, it is enough to refer to section 532 of the Penal Code, subd. 5, which expressly provides that no such averment is necessary.

It was not necessary to allege the value of the property described in the alleged forged interlineation. Even though there had been no such property in existence, the act complained of would have constituted forgery under the statute above recited.

It is assigned as error that the county attorney, in addressing the jury, used improper language concerning the defendant, to the effect that, if his character had been put in issue, he might not have come out any better than some others, with allusion to the "stench" that might have been created if his character had been discussed. But it is not alleged in the settled case that the county attorney used the language attributed to him. What is claimed to have occurred was a part of the proceedings at the trial, and in the presence of the court, and, to be the subject of review, should be presented in a case or bill of exceptions settled by the court, and not by affidavits. However, as the counsel for the state does not refer to this defect in the case, we will say that we deem the refusal of the court to grant a new trial for the cause alleged to have been not an abuse of legal discretion. *Watson* v. *St. Paul City Ry. Co.*, 42 Minn. 46, (43 N.W. Rep. 904.)

On cross-examination of a witness for the defendant the question was allowed as to whether he had been convicted of "a crime" in the municipal court of Minneapolis the spring before this trial. This was not error. *State* v. *Sauer*, 42 Minn. 258, (44 N. W. Rep. 115.) Section 531 of the Penal Code provides, with respect to a witness, that a conviction of any crime may be proved for the purpose of affecting the weight of his testimony, "either by the record or by his cross-examination." There was no error involved in the fact that the proof did not extend so far as to show the precise nature of the crime of which the witness admitted his conviction. If the defendant desired that to be shown, he was at liberty to offer further proof.

There was no error in receiving the testimony of the witness Woodward upon his redirect examination, stating the reason why he did not defend in the proceedings to foreclose this mortgage. The evidence was proper to rebut the inference (suggested by the proof on cross-examination, that he did not make any defence) that his testimony as to having discovered the forgery was untrue, because self-interest would naturally have prompted him, he having purchased the mortgaged property, to defend against the taking, if in fact he had discovered the forgery. Steph. Dig. Ev. *c.* 2, art. 9.

The court refused to receive in evidence a copy of the mortgage certified by the city clerk as a copy on the 9th of March, 1889, showing that at that time the clause alleged to have been forged was in the instrument. We see no error in this ruling. There was no controversy as to the fact that this clause was found to be in the mortgage at about that time. That had already been shown on the part of the state by the testimony of Norris, the mortgagor. The evidence, if received, would have had no probative force as to the issue whether the clause in question was a part of the instrument when it was executed, or was at some subsequent time inserted by the defendant.

The defendant submitted several specific requests for instruction to the jury. As to all excepting the sixth and eighth of these, there can be no question but that the substance of the requests was embodied, and well presented to the jury, in the general instructions of the court; and it would seem that the court intended, also, to present

the substance of the eighth request, which was to the effect that the jury should consider the circumstances under which the forgery was claimed to have been committed, which circumstances are recited in the request. But, even if the court ought to have been more specific in alluding to the circumstances of the case, as embodied in the request, the defendant's assignment of error cannot be sustained under his general " exception to the refusal of the court to charge the jury as requested." *Shull* v. *Raymond*, 23 Minn. 66. This exception, applicable alike to all the requests, (most of which, although not given in form as asked, had been embraced, in substance, in the general charge, and one of which, the sixth, was erroneous,) was not calculated to call the attention of the court to its failure to state the full substance of this eighth request. The sixth request involved an error which justified a refusal to present it to the jury. It involved the erroneous proposition that there could be no conviction unless it should be found that by the forgery the mortgagor, Norris, " was bound, affected, and injured in his property;" the conjunction " *and* " being used in the place of the disjunctive " *or* " found in the statute. A conviction would be justified though the mortgagor was not bound by the alteration alleged.

The evidence was sufficient to justify the verdict. The defendant expressly admitted that the writing of the instrument, including the words alleged to have been forged, was his own. There was evidence that this clause was not in the mortgage when it was executed; and the description of the mortgaged property, as it now appears, seems to have been written with two or more kinds of ink. It is quite unnecessary to refer to other evidence in the case.

Voluminous affidavits were presented upon the motion for a new trial relating to the alleged misconduct of a juror, and to the *animus* and credibility of witnesses on the part of the state. We will only say of these, speaking generally, that the matters alleged were so opposed by affidavits on the part of the state that the determination by the trial court should not be disturbed. The fact was established, however, that a juror, while going to his home in the company of another person, in the course of the trial, went with him into a saloon, and took one drink of whiskey. However repre-

hensible this may have been, we are not to consider, in view of the affidavits presented on the part of the state, and of the decision of the trial court in the matter, that any actual prejudice resulted; and we find no sufficient reason for overruling the action of the trial court.

Judgment and orders affirmed.