ERIC P. MYKLEBY vs. CHICAGO, ST. P., M. & O. RY. CO.

Argued April 8, 1892.   Decided May 3, 1892.

Practice—Misconduct of Prevailing Party.—The rule announced in *Loucks* v. *Chicago, M. & St. P. Ry. Co.*, 31 Minn. 526, and adhered to repeatedly since, that it is in the sound discretion of the trial court to determine the effect upon the jury of improper remarks and statements made by counsel when trying a case, and whether such remarks and statements were prejudicial to the defeated party, followed and applied.

Appeal by plaintiff, Eric P. Mykleby, from an order of the District Court of Ramsey County, *Wilkin*, J., made October 23, 1889, denying his motion for a new trial.

Action to recover $20,200 for personal injury sustained by the plaintiff from the willful, malicious, and violent acts of the servants of the Chicago, St. Paul, Minneapolis & Omaha Railway Company in managing its passenger train. On Sunday evening, September 28, 1884, plaintiff was at Eau Claire, Wis., and got onto the east-bound train to go to Black River Falls, Wis. He was forty-seven years of age, lived at the Falls, and worked for defendant on the gravel train and as a section man. When the conductor came through the train, plaintiff paid his fare to Fairchild. There he left the passenger coach, and, as the train was about to start, he climbed onto the engine and rode there. In the country between Humbird and Merrillon the train was stopped, and plaintiff ordered off. He got off the engine, and went back along the south side of the passenger coaches. As the train started again he attempted to get onto one of the coaches. He caught hold of the handrail at the steps, and attempted to get on, but the defendant's servants kept him back and pushed him away. He fell, and one foot was caught under a wheel, and so badly crushed that it was amputated that night by a surgeon. This surgeon testified that the plaintiff was intoxicated at the time, and that the Poor Commissioners of Jackson county paid for making the amputation.

At the first trial the action was dismissed, and plaintiff's motion for a new trial denied. On appeal that order was reversed. 39 Minn. 54. The second trial was had on November 20, 1888.

After the evidence for the plaintiff was all given, C. D. O'Brien, Esq., one of the counsel for the defendant, stated to the jury its defense, and, in the course of his remarks, said:

"Before a dollar damage is paid, we are notified by our learned friends on the other side that they own half of this judgment, and a lien is served upon this company before the case is tried for $10,-100, and my learned friends get $10,100; so that, if you return a verdict here for $20,200, Mr. Mykleby gets $10,100, and my learned friends get $10,100. They said I was jealous of them. I wouldn't be jealous, because I wouldn't have to stay in the business more than six months if I could get fees of that kind; I would have white horses to drive,—four of them. And if Mr. Mykleby can afford before he gets a verdict, and before this case has been tried, to farm out his claim at fifty cents on the dollar, or plant that amount, or bet that amount, why, we ask you to pay a little attention, so that he shan't be using any marked cards on us."

The Judge, in his charge to the jury, said:

"There were some remarks made by the counsel for the defendant in reference to a notice given of a lien by the plaintiff's counsel. That is a matter, gentlemen, with which you have nothing to do."

The jury returned a verdict for the defendant. The plaintiff moved the court for a new trial, and was denied, the trial court saying:

"The main question in the case is whether there was such misconduct on the part of the defendant's counsel, to the prejudice of the plaintiff's cause, as requires the court to grant a new trial. The counsel, in opening the defendant's case, referred to the fact that a notice of lien for $10,100 had been served upon defendant by plaintiff's counsel, and his remarks upon that point were excepted to by the plaintiff. On cross-examination the plaintiff was asked whether he had agreed to give half the verdict to his attorneys; the question was objected to as not proper cross-examination, and was not allowed by the court. At the conclusion of the evidence, the counsel

stated to the court that he proposed to read the notice of lien as part of his argument to the jury, arguing that he had a right to do so, as it was one of the files in the case. The court ruled that he could not do so, and said that counsel had a right under the statute to make such agreements with clients as they pleased. It is not claimed that he referred to the matter in his final argument to the jury. The plaintiff also excepted to the remarks of the counsel for defendant on his application to the court for leave to read the notice of lien to the jury. The plaintiff could not have been prejudiced by these remarks, in view of the fact that the jury were informed by the court that the lien was not a material matter; that the counsel for plaintiff had a right under the statute to make such an arrangement with the plaintiff; and that the jury in making up their decision had nothing to do with the matter of the lien."

*Lomen & Torrison*, for appellant.

The statement by defendant's counsel regarding the attorneys" claim of lien was made to prejudice the minds of the jury against the plaintiff, his counsel, and his cause. *Smith* v. *Wilson*, 36 Minn. 334; *Watson* v. *St. Paul City Ry. Co.*, 42 Minn. 46.

If crimination is granted, recrimination cannot be refused. If statements on one side are permitted, counter statements on the other cannot be denied. If allowed to men of the highest honor, they cannot be denied to those of less honorable principle. Confusion, uncertainty, and injustice must follow. *Mitchum* v. *State*, 11 Ga. 615; *Baltimore & O. R. Co.* v. *Boyd*, 67 Md. 32; *Brown* v. *Swineford*, 44 Wis. 282.

It is not a satisfactory answer to say that the court went as far as practicable afterwards to cure the mischief, so long as an inference remained that the remedy applied by the court was not adequate. *Scripps* v. *Reilly*, 35 Mich. 371; *Henry* v. *Sioux City & P. Ry. Co.*, 70 Iowa, 233; *Campbell* v. *Maher*, 105 Ind. 383; *Farman* v. *Lauman*, 73 Ind. 568; *Bedford* v. *Penny*, 58 Mich. 424; *Bremner* v. *Green Bay, S. P. & N. R. Co.*, 61 Wis. 114.

Introduction before the jury of matter foreign to the issue in the opening statements of counsel is improper, and for which a new

trial should be granted.   *Rickabus* v. *Gott*, 51 Mich. 227; *Willis* v.
*McNeill*, 57 Tex. 465; *Brown* v. *Swineford*, 44 Wis. 282; *Cleveland
Paper Co.* v. *Banks*, 15 Neb. 20.

The attempt to appeal from the Judge to the jury is not only
ground for a new trial, but the presiding Judge would be justified
in treating and punishing it as a contempt of court.   1 Thomp.
Trials, p. 755, § 969, and cases cited; *Knowles* v. *Van Gorder*, 23
Minn. 197.

The misconduct is not cured by the charge or rulings.   *Scripps*
v. *Reilly*, 35 Mich. 371; *Forsyth* v. *Cothran*, 61 Ga. 278; *Tucker*
v. *Henniker*, 41 N. H. 317; *Martin* v. *Orndorff*, 22 Iowa, 505; *Hatch*
v. *State*, 8 Tex. App. 416.

Nor is it sufficient to say: "I take it back."   *Baker* v. *City of
Madison*, 62 Wis. 137; *Wolffe* v. *Minnis*, 74 Ala. 386.

Sufficient prejudice is shown if it be made to appear that the mis-
conduct may have had an effect unfavorable to plaintiff, or that the
statements were likely or calculated to influence the verdict.   *Koeh-
ler* v. *Cleary*, 23 Minn. 325; *Wilson* v. *Abrahams*, 1 Hill, (N. Y.)
211; *Dwight* v. *Pomeroy*, 17 Mass. 302; *Thomas* v. *Chapman*, 45 Barb.
98; *Bullard* v. *Boston & M. Railroad*, 64 N. H. 27; *Rea* v. *Har-
rington*, 58 Vt. 181.

*C. D. O'Brien* and *S. L. Perrin*, for respondent.

In bringing his action, the plaintiff set his damages at the sum
of $20,200.   His attorneys served upon the attorneys for the de-
fendant a claim of lien to the amount of $10,100.   Counsel for the
defendant, in opening the case, stated that such lien had been
served, and requested the particular attention of the jury to the evi-
dence about to be submitted.

When the testimony had been submitted, and counsel for the de-
fendant was about to sum up, he inquired of the court whether or
not he would be permitted to refer upon the argument to the lien
that had been filed.   The court was of the opinion that the matter
should not be referred to, and it was not alluded to by counsel in
his summing up to the jury.   The trial court refused a new trial,
and this court should not overrule its decision.

COLLINS, J.  Subsequently to the determination of a former appeal in this case—39 Minn. 54, (38 N. W. Rep. 763)—it was tried upon the merits, resulting in a verdict for defendant.  The present appeal is from an order refusing a new trial, and, although counsel has presented and argued ten assignments of error, there are but two, the third and fourth, which need to be specially mentioned, and these are of the same import, both relating to alleged misconduct of one of respondent's counsel when trying the case, by means of improper remarks and statements, which, it is claimed by appellant, influenced and prejudiced the jury to his injury.  This same claim was made below on the argument of the motion for a new trial, and received the careful attention of the learned district judge, who manifestly regarded it as the main question before him, and who after due consideration thereof, as fully appears from a note appended to the order appealed from, held that the plaintiff was not prejudiced by the remarks and statements.  As has been repeatedly declared, it was in the discretion of the trial court to determine, upon its own observation and judgment, the effect of such remarks and statements upon the jury, and whether they were prejudicial to the defeated party.  *Loucks* v. *Chicago, M. & St. P. Ry. Co.*, 31 Minn. 526, (18 N. W. Rep. 651;) *Watson* v. *St. Paul City Ry. Co.*, 42 Minn. 46, (43 N. W. Rep. 904;) *State* v. *Adamson*, 43 Minn. 196, (45 N. W. Rep. 152.)  We are of the opinion that the court below did not abuse its discretion in the premises.  Again, in the absence of a request for a ruling, or any ruling, on the trial, as to this matter, the alleged errors come clearly within the rule laid down in *State* v. *Frelinghuysen*, 43 Minn. 265, (45 N. W. Rep. 432.)  In addition to this, it may be observed that without any request, and of its own motion, the court in its charge called attention to these remarks and statements, and specially cautioned the jury in reference to being influenced by the same.

Order affirmed.

Motion for reargument denied on May 17, 1892.

(Opinion published 52 N. W. Rep. 213.)