## DANIEL W. HARDING v. GREAT NORTHERN RAILWAY COMPANY.

October 19, 1899.

Nos. 11,791—(34).

### Personal Injury—Verdict Sustained by Evidence.

In an action to recover damages for personal injuries, *held*, that the evidence justified the amount of the verdict in favor of the plaintiff.

### Cross-Examination of Plaintiff—Drunkenness.

Also that, upon the facts of the case, there was no prejudicial error in excluding the following question propounded to the plaintiff on cross-examination, for the purpose of affecting his credibility as a witness: "During that time [previously specified] were you convicted of the crime of drunkenness, and for a time confined in the jail in St. Cloud on account of intoxication?"

Action in the district court for Ramsey county to recover $20,000 for personal injuries. The case was tried before O. B. Lewis, J., and a jury, which rendered a verdict in favor of plaintiff for $2,000; and from an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*C. Wellington,* for appellant.

*Clarke & Jaques,* for respondent.

MITCHELL, J.

This action was brought to recover damages for personal injuries caused by the alleged negligence of defendant. The trial resulted in a verdict in favor of the plaintiff for $2,000. The defendant admits that there was evidence reasonably tending to prove the negligence of the defendant, and hence that the verdict of the jury is conclusive upon that issue. Neither do we understand that the defendant disputes the fact that this negligence caused some injury to the plaintiff, and hence that he is entitled to recover some amount. Its contention is that some of the injuries which plaintiff claims to have sustained were never sustained at all, and that some, and perhaps the most serious, of the ailments with which he is actually suffering, were not caused by the negligence of the defendant, but were the result of other causes, such as previous bodily in-

77 M.—27

juries or previous constitutional disease, and that, in view of these facts, the damages awarded are excessive.

Aside from the testimony of the plaintiff and his wife, the evidence consisted mainly of the testimony of medical experts who had attended upon or examined him professionally. As usual, the testimony of these medical witnesses differed radically, both as to what injuries plaintiff had received and from what ailments he was suffering, and also as to the cause of them. If the evidence for the plaintiff is true, the verdict was not excessive; while, if that for the defendant is true, it probably was. As to most, if not all, of the material matters upon which there was a conflict, the evidence was not such that a court could, as a matter of law, hold that it required a verdict for or against either party. We are not entirely satisfied with the verdict. Judging from the cold record, there are facts in evidence which tend to give an impression that, as is very common in such cases, the plaintiff somewhat exaggerated his injuries and ailments, and may also have attributed to the accident referred to in his complaint injuries and ailments that were chargeable to other causes. But, under the evidence, these were all questions for the jury who saw and heard the witnesses testify; and, their verdict having been approved by the judge who presided at the trial, we do not think that we would be justified in disturbing it on the ground that it was excessive. This being the conclusion at which we have arrived after an examination of the whole record, it is unnecessary, as well as useless, to discuss or analyze the evidence.

2. One of the claims made by the defendant on the trial was that some of the ailments under which the plaintiff was, or claimed to be, suffering were caused by the excessive use of intoxicating liquors, and some evidence had been introduced tending to prove that plaintiff had used such liquors to the extent of becoming intoxicated. On the cross-examination of the plaintiff by defendant the following occurred:

"Q. Prior to January 8, 1897, had you taken what is termed the 'Keeley Cure'? A. I had; yes, sir. Q. How many years before January 8, 1897, had you attended a Keeley institute? A. I think I got there on August 10, 1893. * * * Q. And you lived there

[in St. Cloud] through June, 1898? A. Yes, sir. * * * Q. Now, at the time that you were living there, in this year, were you intoxicated? A. I was. Q. During that time were you convicted of the crime of drunkenness, and for a time confined in the jail in St. Cloud on account of intoxication? (Objected to as incompetent, irrelevant, and immaterial.) The Court: How is that material, Mr. Wellington? Mr. Wellington: Material to show that his intoxication arose to such an extent that he was confined in jail; that it wasn't the mere light use of intoxicating liquors, but an excessive use; and as affecting his credibility. (Objection sustained. Exception by defendant.) The Court: If you want to show he was intoxicated, you can show that. Q. How many times were you intoxicated between December, 1897, and up to the time you left St. Cloud? A. From what date? Q. From December, 1897, up to the time you left St. Cloud A. I can't call over four times that I was under the influence of liquor. Q. Did you use it habitually, along from day to day? A. No, sir."

The exclusion of the question as to whether the plaintiff had been convicted of drunkenness and confined in jail for intoxication is assigned as error. Upon the first ground upon which counsel claimed that the evidence was material, viz., the extent to which the plaintiff used intoxicating liquors as bearing upon the cause of his ailments, the ruling of the court was unquestionably right.

If there was any error, it must be because the evidence of conviction was competent under G. S. 1894, § 5658, as affecting the credibility of the witness. In State v. Sauer, 42 Minn. 258, 44 N. W. 115, we held that this section applied to all crimes, whether felonies or misdemeanors, and whether the crime was or was not one the conviction of which would at common law have rendered a person infamous, and hence incompetent to testify as a witness. This doctrine is probably in conflict with the decisions in some other jurisdictions having the same or a similar statutory provision. But we are not disposed to recede from the rule of State v. Sauer. It does no substantial injustice to the witness, and it avoids all the difficulties which so much troubled the courts under the common law in determining what were crimes the conviction of which would render the party incompetent as a witness. And there is no doubt that, under our statutes, drunkenness is a crime. G. S. 1894, § 6949.

The main reasons why the proof of guilt of a crime is limited to

the record of conviction are that it would be unfair to the witness to prove his guilt in any other way, and also because, in the multiplication of collateral issues, the principal case would be liable to be lost sight of. 1 Greenleaf, Ev. § 372. But, as there is no danger in accepting the witness' own admission on the stand, the propriety of proving the conviction by cross-examination is now conceded in most jurisdictions. But it is the crime, and not the punishment attached to it, which rendered a party infamous and incompetent as a witness at common law, and which affects his credibility as a witness under our statute. Pendock v. Mackinder, Willes, 665; Rex v. Ford, 2 Salk. 690. Hence I am of opinion that, while the fact of conviction was material and competent as affecting the credibility of the witness, the punishment inflicted was neither material nor competent, and that, inasmuch as part of the question was immaterial and incompetent, there was no error in excluding the entire question. But the majority of the court prefer to sustain the ruling of the court upon the ground that, inasmuch as the witness had expressly and fully admitted that he had been more than once guilty of the crime of drunkenness, the defendant had already received all the substantial benefit which it would have received from proof of conviction; and that as applied to a mere misdemeanor, like drunkenness, which is not a heinous crime, and does not render a person infamous, or necessarily or naturally imply that he is morally corrupt, the error of the court, if any, was without substantial prejudice to the defendant.

3. There is no merit in the third assignment of error. There was nothing in the answer of the witness prejudicial to the defendant. The advice of Dr. Gilman to the plaintiff, and the conversation between plaintiff and Bauman, were not given, and neither of them was made the basis of any attack upon the report which the plaintiff made to the defendant in relation to the accident in which he was injured.

Order denying a new trial affirmed.