SIMON JUNG and Another v. THEO. HAMM BREWING COMPANY.[1]

July 7, 1905.

Nos. 14,291—(147).

**New Trial.**

Whether a new trial should be granted on the ground of misconduct
of the attorney of the prevailing party in his remarks to the jury rests
in the sound judicial discretion of the trial court.

**Same.**

The order granting a new trial in this case on the ground stated *held*
not an abuse of discretion.

**Motion for New Trial.**

The trial court has the power to permit an amendment to a motion for
a new trial after decision thereon by inserting therein an additional
ground of motion, where such relief will not prejudice the adverse party.

Action in the district court for Ramsey county to recover $351.19
for the conversion of bar fixtures and a stock of liquors. The case

[1] Reported in 104 N. W. 233.

was tried before Bunn, J., and a jury, which rendered a verdict in favor of plaintiffs for $300. From an order granting a motion for a new trial, plaintiffs appealed. Affirmed.

*Ambrose Tighe,* for appellants.

*Reese & Zollman,* for respondent.

BROWN, J.

Action to recover the value of certain property alleged to have been wrongfully taken and converted by defendant. Plaintiffs had a verdict in the court below, which was vacated on motion of defendant, and a new trial granted, upon the ground of the misconduct of the attorney for plaintiffs in certain remarks made by him in his address to the jury, from which order plaintiffs appealed.

The question whether a new trial shall be granted on the ground of misconduct of counsel in his remarks to the jury rests in the sound judicial discretion of the trial court; and when that court has considered and passed upon a motion based upon that ground, and granted a new trial, this court will not interfere, unless it appear that the discretion of the trial court was clearly abused. Watson v. St. Paul City Ry. Co., 42 Minn. 46, 43 N. W. 904; Loucks v. Chicago, M. & St. P. Ry. Co., 31 Minn. 526, 18 N. W. 651; Mykleby v. Chicago, St. P., M. & O. Ry. Co., 49 Minn. 457, 52 N. W. 213. The rule stated applies to and controls the case at bar.

The remarks of counsel to the jury, which the trial court held prejudicial, were as follows:

> Those breweries in this city and in all these big cities have got to rule with a rod of iron, and these men who run saloons and buy goods from them are nothing but their galley slaves in nine cases out of ten. Is that man Broos a free man? I should like to know how. He is doing business over on the West Side. By whose indulgence, by whose permission, is he doing business? By the permission of the Hamm Brewing Company. It owns his license. It can revoke his capacity to do business. It owns the building. * * * It owns the fixtures. It owns the bar. It owns him. And that is the way with nine-tenths of these saloon keepers around the city. They are owned by the brewery companies, and the brewery companies have

to rule them with a rod of iron. And here were two farmers who came up and started a saloon on Payne avenue, and owed the Hamm Brewing Company $68, and they had the boldness and the temerity and the rashness to give a chattel mortgage to another one of their creditors, and the Hamm Brewing Company came in and wiped them out of existence. Now, let every saloonkeeper in St. Paul understand that that is what happens [to] any saloonkeeper who owes us money, tries to do business. We will take the chances of what [may] happen. What chances do we take? Why, these brewing companies are tremendous organizations. They are built up by men of ability. Mr. Hamm, who went on that witness stand, is a man of ability and character and reputation, and the others of them are able men. There isn't any doubt about it, and a great many of them good men—men who do good in the community, but who are as powerful as kings. Just think; three hundred saloons in this city! Almost every one of them owned by these brewing companies. Go into any of your legislative bodies, your common councils, your city boards, even your mayor, in almost any of these large cities—don't these brewing companies dictate who their officials are to be? Haven't they representatives everywhere? They are perfectly tremendous in power.

These remarks did not, as we view the matter, call for severe punishment of the plaintiffs or their counsel. The latter portion only would seem in any material or substantial respect improper. But whether the language naturally tended to prejudice the defendant before the jury was peculiarly for the trial court to determine, having in view the conditions and circumstances surrounding the trial, the conduct of the parties and counsel in court, and all matters throwing light upon the subject. The court, acting on its judgment, declared that the remarks were prejudicial. We are unable to say that it was a clear case of abuse of judicial discretion.

Nor was there any waiver of the misconduct by counsel for defendant. It is true that, in response to a question addressed by counsel for plaintiffs to the court—whether he should retract the language—to

which the court made no reply, counsel for defendant stated that he did not care what plaintiff's counsel did in that respect; but, coupled with that statement, he reiterated his exceptions. Counsel did not retract the remarks, and the exceptions were not overcome by his inquiry of the court whether he should do so.

The motion for a new trial here under consideration did not specify as a ground thereof "misconduct of the prevailing party," the theory of counsel being that the question could be presented under the assignment of errors in law occurring at the trial. After the motion for a new trial had been granted, an application for rehearing was made to the trial judge, and counsel for defendant then applied for leave to amend the notice of motion by inserting therein, as an additional ground of the motion, "misconduct of the prevailing party." The action of the court in permitting this amendment is assigned as error. It is clear that the trial court had the power and authority to permit the amendment at the time it was made, and defendant was in no way prejudiced thereby. The ground of the motion for a new trial was the misconduct of counsel in remarks to the jury. Those remarks were made a part of the settled case, and were particularly specified in the notice of motion. The notice was therefore only technically insufficient, and the court did not abuse its discretion in allowing the amendment.

Order affirmed.