ALICE M. WEBB v. MINNEAPOLIS STREET RAILWAY COMPANY.[1]

March 5, 1909.

Nos. 15,931—(159).

**Expert Evidence Must Be Based on Facts.**
  The plaintiff had a verdict for $4,250 in this a personal injury action. *Held*, questions calling for the opinion of an expert witness must be based upon facts testified to by him, or facts testified to by others, or an agreed state of facts, or facts assumed hypothetically as true.

**Verdict Excessive.**
  Award of damages was excessive.

Action in the district court for Hennepin county to recover $10,000, damages for personal injuries. The case was tried before Dickinson, J., and a jury which returned a verdict in favor of plaintiff for the sum of $4,250. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, it appealed. Reversed and new trial granted.

*N. M. Thygeson* and *W. H. Bennett*, for appellant.

*McElwee & Hollihan, M. H. Boutelle* and *A. M. Higgins*, for respondent.

START, C. J.

Appeal from an order of the district court of the county of Hennepin denying the defendant's motion in the alternative for judgment notwithstanding the verdict or for a new trial in an action in which the plaintiff recovered a verdict for $4,250 on account of injuries claimed to have been sustained by reason of the alleged negligence of the defendant.

The allegations of the complaint as to the negligence were to the effect following: That on the fourteenth day of November, 1907, the plaintiff, with a companion, attempted to board one of defendant's Oak and Harriet cars, the car having been stopped and the gates opened for the purpose of permitting plaintiff and her companion to go upon the car and become passengers thereon; that plaintiff's companion

passed through the gates and up the steps ahead of the plaintiff; that as plaintiff was in the act of passing through the gates, and about to pass up the steps, the car was suddenly started, the gates closed against and upon her limbs and body, and she was thrown with great force upon and against the steps, her limbs were held fast in the gates, and she was dragged along for an entire block, the car meanwhile running at a high rate of speed; and, further, that by reason of her fall, and being so dragged along, one of her ribs was fractured or dislocated, that she was bruised upon and across her abdomen and left groin, and her lower limbs and feet were bruised, that she was, at the time of receiving such injuries, nearly two months advanced in pregnancy, and she miscarried by reason of such injuries.

The answer admitted that the plaintiff boarded the car to become a passenger thereon, put in issue the allegations of negligence and consequent injury, and alleged contributory negligence on the part of the plaintiff, and that before the time she boarded the car she was and had been for a number of years a neurasthenic. While the order appealed from is one denying the defendant's motion in the alternative for judgment or a new trial, the defendant in its brief properly treats the order simply as one denying its motion for a new trial, which was in fact the motion made in the court below.

The plaintiff testified to the effect that at the time stated in her complaint she attempted to board the car, and in so doing placed her right foot on the step, when the car started, and she was caught in the gates; that her left leg was caught and fastened from the hip down, her foot being outside the gates; that she called several times to her companion who preceded her into the car, but no one came to her assistance, and she was carried in such position to the next block, when the car stopped and the gates were opened to let a passenger off, and she fell in on the steps, striking on her left side. During the time she was fastened in the gates she kept hollering for her companion, who did not hear, and so far as appears from the record none of the numerous passengers in the car heard any outcry from her.

The first contention of the defendant is that the plaintiff's story as to the manner of the accident is so inherently improbable as to bring this case within the rule stated in the case of Messenger v. St. Paul City Ry. Co., 77 Minn. 34, 79 N. W. 583. It seems quite unreasonable

that the plaintiff was caught, held, and carried precisely as she testified, especially in view of the testimony of the motorman and others. Nevertheless the main question was whether she was caught in the gates and injured by reason of the negligence of the motorman and conductor in charge of the car, or either of them. The evidence is sufficient to sustain a finding to the effect that she was caught in the gates of the car at the time claimed. The evidence on the part of the defendant and the acts of its claim agents corroborate in some material particulars the claim of the plaintiff that she was caught in the gates in some manner and thereby injured to some extent.

It is further urged by the defendant that the award of damages is so excessive that it is entitled to a new trial. If the plaintiff had been sound physically at the time of the accident, and her subsequent physical condition was due solely to injuries received at that time, the damages awarded would be liberal, but not so excessive as to justify a reversal of the order denying a new trial. The manifest weight of the evidence is to the effect that she was not in sound health at the time of the accident. The most serious result of her injury, accepting her testimony as true, was a miscarriage, and that by reason thereof she suffered mental and physical pain and her health was impaired. But it is admitted that she had at least one miscarriage before the accident. There was evidence, which she denied, tending to show that she had one other miscarriage. The evidence also tended to show that she was not properly cared for at the time of the admitted miscarriage. The evidence is practically undisputed that the physical condition of the plaintiff prior to the accident was a factor of her condition at the time of the trial. The trial court correctly instructed the jury that the defendant could not be held to answer for any damages by reason of conditions or troubles of a physical character that existed prior to the accident. The amount of the damages awarded clearly indicates that the jury from passion or prejudice disregarded the instruction. We are of the opinion, upon a consideration of the entire evidence, that the verdict is so excessive that a new trial must be granted.

The admission of incompetent opinion evidence also may have affected the award of damages. The plaintiff's physician was asked the question: "Q. In the absence of the operation, which you say will be necessary, is Mrs. Webb's condition permanent or otherwise—her

condition of injury?" The question was objected to because it called for an opinion without disclosing or referring to the facts upon which it was to be based. The objection was overruled, and the witness answered, to the effect that her condition was permanent. The ruling was error, for the rule is that questions calling for the opinion of an expert witness must be based upon facts previously testified to by him, or facts testified to by others, or upon an agreed state of facts, or facts assumed hypothetically as true. The reasons for the rule are obvious; for, if the facts upon which the opinion is based are not stated or definitely referred to in the question, the jury cannot measure the value of the opinion, and the opposite party cannot intelligently offer opinion evidence in rebuttal. On the other hand, if the assumed facts upon which the opinion is to be based are stated or referred to in the question, the jury may determine whether or not the facts exist, and measure the value of the opinion accordingly, and the adversary party may rebut the assumed facts, or challenge the correctness of the opinion based thereon.

Order reversed and a new trial granted.