## COCKRELL, v INDUSTRIAL COMM

Ohio Appeals, 4th Dist, Ross Co

Decided Dec 22, 1931

Wade J. Beyerly, Chillicothe, for plaintiff in error.

Gilbert Bettman. A G., R. R. Zurmehly Ass. A. G., Columbus, and Howard Goldsberry, Pros. Atty., Chillicothe, for defendant in error.

BLOSSER, J.

The defendant claims that the striking out of opinion of Doctor Haas was proper because it was based partly on hearsay. The question presented is not without some difficulty. It will be noted that Doctor Haas in the first instance did not attempt to relate conversations he had with other persons in securing a history of his patient's case but that he stated he got his information as to the place and condition under which he worked, and there was no attempt to have this ruled out. In taking into consideration the place where Cockrell was working Doctor Haas did not consider anything about which there was any issue. The statements of Cockrell to Doctor Haas as to his condition and symptoms when the doctor was called to treat him were admissible. The evidence of a physician who is called to treat a patient is regarded in a different light from the evidence of a physician who examines a person for the sole purpose of testifying in his case. **Pennsylvania Company v Files; 65 Oh St 403, 406; 17 Ohio Jur, page 486, §390.** Many authorities hold that the opinion of a physician or surgeon as to the condition of an injured or deceased person is not rendered incompetent by the fact that it is based upon the history of the case given by the patient to the physician or surgeon on his examination of the patient when the examination was made for the purpose of the treatment and cure of the patient. 65 A. L. R. 1223.

Doctor Haas' opinion, having been based mainly upon his observation of the patient, was not rendered incompetent because in making up his opinion he also took into consideration information from others as to the place where Cockrell was working when stricken, this fact having been previously proven by the evidence of other witnesses and about which there was no dispute, and Doctor Haas also having testi-

fied what that information was and from whom received.

"Expert testimony of a physician, based in part upon statements made to him by others, may properly be received if the evidence shows what the reported statements were and there is evidence in the case tending to prove their truth."

Thompson v Insurance Co (Minn.) 151 N. W. 180.

The effect of such statements and information goes only to the weight of the testimony. Bollinger v Curtis Co (Mo.), 249 S. W. 907.

The record is somewhat vague and uncertain but it seems fairly clear that at the time Doctor Haas gave his opinion he had not stated the facts which he had received from the employes as to the place where Cockrell was working when he was stricken. Later, however, on redirect examination he stated what information he had received and from whom obtained. At this time his answer became competent even if it was not admissible before. The testimony in this case was taken before a commission where the procedure should be liberal and not technical. §1265-91 GC. It would seem that in fairness to the litigants that at this point the testimony which had previously been stricken from the record should have been admitted. This is especially true in view of the fact that the record indicates that counsel for the plaintiff was attempting to have the court admit the answer. If Doctor Haas' opinion had been received its weight was for the court to determine.

There was error committed when the hypothetical question and proposed answer were ruled out as shown by the record on page 42 and the pages following. The law does not require the hypothetical question to be exact. It is sufficient if it is substantially correct and substantially covers the facts in evidence. The question here substantially covered the facts which counsel claimed to be proven and which the evidence on his part tended to prove, and this is all that was required. **Traction Company v Wandtke, 32 Oh Ap 207.** No question is made as to the qualifications of Doctor Haas to testify.

The plaintiff also complains that certain documentary evidence ought to have been included in the transcript from the Industrial Commission and was not admitted in evidence before the court. The record discloses that this documentary evidence was not offered at the rehearing before the Industrial Commission. For this reason it was not admissible in the court below.

We do not find any other error in the record prejudicial to the plaintiff, but for the errors pointed out with reference to the court's rulings on the admission and rejection of evidence the judgment of the Court of Common Pleas is reversed and the case remanded to that court for further proceedings according to law.

Judgment reversed.

MAUCK, PJ and MIDDLETON, J, concur.