## STATE OF MINNESOTA *vs.* FREDERICK C. RIEBE.

## November 12, 1880.

**Forgery—Constituents of Offence—Accountable Receipt for Money.**—To constitute the crime of forgery, under Gen. St. 1878, *c.* 96, § 1, by altering any of the instruments therein mentioned, the alteration must be such as to alter the legal effect of the instrument. A mere verbal alteration, not affecting the obligation of the instrument, is not enough. An accountable receipt under that section is an instrument acknowledging the receipt of money or personal property, coupled with an obligation to account for or pay or deliver the whole or some part of it to some person. An indictment for altering an accountable receipt for money, so as to give it the form of a promissory note, is not good unless it state or show what the obligation of the receipt was, so that it may appear that the legal effect of it has been changed by the alteration.

Appeal by defendant from an order of the district court for McLeod county, *Macdonald,* J., presiding, refusing a new trial.

*M. O. Little,* for appellant.

*Chas. M. Start,* Attorney General, for the state.

The indictment shows that the alterations were material, for it shows that an acquittance or receipt was changed into a promissory note whereby the maker of the original instrument is made to promise to pay to the defendant, who was not a party to it, the sum of $100. The indictment shows a sufficient excuse for not setting out more fully the receipt that was altered, viz., that it had been destroyed by the defendant. 2 Bishop Cr. Proc. § 360; 2 Archbold Cr. Pr. 808; Gen. St. 1878, *c.* 108, § 15.

The indictment shows on its face that the instrument altered, as well as the one forged, is the subject of forgery. An acquittance or receipt (they are the same in criminal proceedings, *State* v. *Shelters,* 51 Vt. 102,) was altered, and a promissory note forged.

The proper construction to be given to the indictment is to treat it as charging the defendant with forging a promissory note, not altering an accountable receipt.

GILFILLAN, C. J.  The indictment is as follows:

"Frederick C. Riebe is accused by the grand jury of the county of McLeod, and state of Minnesota, by this indictment, of the crime of forgery, committed as follows, to wit: That on the 17th day of August, 1879, the said Frederick C. Riebe had in his possession an accountable written receipt for money, showing the receipt by one Gotlieb Kopp from one Mrs. Nelly Seymour of the sum of $740 on the 16th day of August, 1879, which said receipt has been destroyed by the act and procurement of said defendant, and a more particular description of which is unknown to the grand jury, which said receipt was signed in writing by said Gotlieb Kopp, with the name of said Gotlieb Kopp; that on the 17th day of August, 1879, in the village of Glencoe, in said county of McLeod, and state of Minnesota, and while the said Frederick C. Riebe so had the said receipt in his possession, he, the said Frederick C. Riebe, did wilfully, maliciously and falsely, with intent to injure and defraud the said Gotlieb Kopp, at the time and place aforesaid, and with the intent aforesaid, falsely alter said accountable receipt, so that, when the same was so altered, it was of the tenor and import and words and figures following, to wit:

" '$100.                         HECTOR, August 16, 1879.

" 'Ten days after date, for value received, I promise to pay to order of F. C. Riebe one hundred dollars, with interest until paid at the rate of ten per cent.

" 'GOTLIEB KOPP.'

—contrary to the statute," etc.

The statute (Gen. St. 1878, c. 96, §1,) reads: "Whoever falsely makes, alters, forges or counterfeits any  *  *  * promissory note, or any order, acquittance or discharge for money or other property,  *  *  *  or any accountable receipt for money, goods or other property, with intent to injure or defraud any person, shall be punished," etc.  It is evident from the statute that the mere verbal alteration of one of the

instruments mentioned is not made a crime. There must be the intent to injure or defraud some person. And the alteration must be such as is capable of defrauding. An immaterial alteration—a change in the phraseology not affecting the sense, nor altering the legal effect of the instrument, but leaving it in substance and effect the same as before the alteration—is not made a crime.

The indictment must show wherein the instrument charged to have been altered was changed in matter of substance and legal effect, and that the change was such as might injure or defraud. In this case the alteration was of an accountable receipt for money. An accountable receipt, within the meaning of this statute, is a written acknowledgment of the receipt, by the maker of it, of money or other personal property, coupled with a promise or obligation to account for or pay to some person the whole or some part thereof. Such receipt for money may be in legal effect, though not in form, a promissory note. The defect in this indictment consists in its not. stating or showing the extent of the obligation of the accountable receipt. It does not state nor show how much of the money received was to be accounted for, nor to whom nor. when nor how it was to be accounted for or paid. · For aught that appears, the obligation of the original instrument was precisely the same as is expressed by the instrument after the alteration. It does not appear but that the alteration was immaterial—one merely of phraseology, not touching the substance or legal effect of the instrument. The indictment. does not state facts enough to show an offence.

Order reversed.