## KITTERINGHAM V. DANCE.

1. **Practice in the Supreme Court:** ERRORS ASSIGNED, NOT ARGUED. Errors assigned but not argued will be deemed waived, and those not sustained by the record will be disregarded.

2. **Witness:** GENERAL MORAL CHARACTER: ASSAULT AND BATTERY. Under sections 3648, 3649, Code, a witness cannot be asked whether he has not been under arrest and indictment for assault and battery. That crime is not a felony, and an indictment therefor would not necessarily impair the moral character of the witness.

3. ———: OPINION OF: PROOF OF REPUTATION. The individual opinion of a witness is not admissible in evidence to show the reputation of a party for truth and veracity.

4. **Practice:** COURT: INSTRUCTION: EVIDENCE. It is competent for the court to instruct the jury, that the evidence of a witness as to a particular fact was uncontradicted, where there was no evidence whatever to the contrary.

5. ———: INSTRUCTIONS: OBJECTIONS TO: ASSIGNMENT OF ERRORS. Certain objections to the instructions considered and held frivolous and insufficient, and that the assignment of errors was not sufficiently specific.

*Appeal from Harrison Circuit Court.*

SATURDAY, JUNE 10.

THIS action was commenced in the District Court, where it was twice tried, resulting in verdicts for the plaintiff, which were set aside by the court. On the application of the defendant there was a change of the place of trial to the Circuit Court, where the cause was again tried to a jury; verdict for the defendant and judgment thereon. The plaintiff appeals.

*S. H. Cochran*, for appellant.

*J. W. Barnhart, F. M. Dance* and *L. Brown*, for appellee.

SEEVERS, CH. J.—The petition in substance states the plaintiff is a day laborer in the employ of the Sioux City and Pacific R. R. Co., and that one W. A. Ellis recovered a

judgment against the plaintiff in 1877, which remained un-collected on the docket of defendant, a justice of the peace; that in March, 1880, the defendant was a candidate for the office of "mayor of Missouri Valley," and a day or two prior to the election the defendant proposed to plaintiff to credit ten dollars on said judgment if the plaintiff would vote for him for said office, which plaintiff refused to do; that at said time the plaintiff was the head of a family and the de-fendant so knew; that the day following said election the de-fendant, without authority, corruptly and maliciously, issued an execution on said judgment and caused the railroad com-pany to be garnished; that the same was done without au-thority, and maliciously; the defendant well knowing the plaintiff's wages were exempt from execution; that plaint-iff intervened in said garnishment proceeding and the court held the wages so garnished were exempt from exe-cution; but that defendant maliciously caused an appeal to be taken for the purpose of injuring and harassing the plaint-iff, whereby he was put to expense and greatly damaged, and exemplary damages are claimed in addition to certain speci-fied actual damages.

The defendant admitted the recovery of the judgment, the issuance of the execution, and denied the other material al-legations of the petition.

I. The first and fifth errors assigned are not argued by counsel. They will therefore be deemed waived. The

1. PRACTICE: errors as-signed, not ar-gued.

second error assigned is as follows: "The court erred in his undignified demeanor, and boisterous and angry manner toward plaintiff's counsel, while witness Harker was being examined, and in passing judgment upon the positive character of W. A. Ellis' testimony in the presence of the jury." This error must have been as-signed when the blood was heated, for there is nothing in the record to sustain it. This must be true also as to the argu-ment of council for appellant, for language is employed therein

with reference to the trial judge which is unprofessional and not sustained by the record. There is nothing in the record which indicates the trial judge acted in any respect improperly. Much of the argument before us greatly exceeds the bounds of propriety, and it cannot be too strongly condemned. We indulge the hope none of a similar character will ever again be presented to this court.

II. One Harker was a witness for the defendant and gave evidence in relation to the general reputation of the plaintiff for truth and veracity, and thereupon the following

2. WITNESS: general moral character: assault and battery. proceedings occured as shown by the appellee's abstract, which is not denied, and is therefore deemed correct. "The plaintiff asks permission to ask the witness whether he has not been under arrest and indictment for assault and battery. This is ruled against by the court, to which ruling plaintiff excepts." Counsel for the appellant say the ruling is erroneous "if sections 3648 and 3649 of the Code mean anything." The first section provides a witness may be interrogated in relation to his previous conviction for a felony, but assault and battery is not a felony. The last section provides the general moral character of a witness may be shown for the purpose of testing his credibility. Counsel have not seen proper to give any reason for the thought implied, that an indictment for assault and battery would impair the moral character of a witness. We do not believe such proposition is true. Counsel also cite *People v. Driscoll*, No. 4, Vol. 2, N. W. Reporter, and *Leland v. Kauth*, page 293 of No. 5, Vol. 2, N. W. Reporter. We think this must be a wrong citation as we could not find any such cases in Vol. 2 of the N. W. Reporter. The assignment of error under consideration is not well taken.

III. Counsel for the plaintiff offered to introduce as evidence pages 625, 626, 627, 628 and 629 of 43 Iowa, "for the purpose of showing the moral character of the witness, J. P. Lahman." No other reason is stated or authority cited, ex-

cept Code, § 3649, by counsel in support of their position. We deem it, therefore, sufficient to say the evidence was not admissible.

IV. One Edgecomb was called as a witness for the plaintiff and asked whether he was acquainted with the general reputation of the plaintiff for truth and veracity.

**3. ——: opinion of: proof of reputation.** The witness answered: "I have heard it questioned and can only give my opinion on the subject." Thereupon counsel for the plaintiff asked the witness: "Is it good or bad?" He answered: "I consider it good." This answer on motion of the defendant was stricken out. This ruling was correct. The witness had not shown himself competent to speak as to the general reputation of the plaintiff. He only proposed to give his individual opinion, and this he did. The evidence was clearly incompetent.

V. It is said the second paragraph of the charge is erroneous, because it assumes facts it was the province of the jury to determine.

**4. PRACTICE: court: instruction: evidence.** What facts were assumed we are not informed by counsel. It is not our province or duty to search for errors. Counsel should point them out. We have, however, examined the instruction and suppose what counsel mean is, that the court said to the jury the evidence of the defendant and W. A. Ellis, in a certain particular, was uncontradicted. Upon a careful examination of the abstract we find that what the court said is true. There was no other evidence on the subject, and if that had been the only point in the case the court would have been warranted in directing a verdict for the defendant.

VI. It is said the third paragraph of the charge is erroneous, because "the court assumes facts outside of the case; denies the testimony in the case; says W. C. Ellis had authority to act for W. A. Ellis, when the evidence of W. A. Ellis shows the contrary, and

**5. ——: instructions: objections to: assignment of errors.** W. C. Ellis says he did not receive instructions from W. A. Ellis to sign the appeal bond, but only had authority to transact business for him." The paragraph in question is as fol-

lows: "Nor can said defendant be held liable for any damage or injuries to the plaintiff caused by the appeal of the garnishment proceeding to the Circuit Court, for the reason it was his duty to allow said appeal when a proper bond was given therefor, and he would not be liable from the fact that he prepared said bond at the request of W. C. Ellis, who testified, and his testimony in that regard is uncontradicted, that at the time he made the request he was the agent of his brother W. A. Ellis." It seems to us, in the light of the facts as stated in the appellee's abstract, the objections to the instruction are frivolous. No fact is assumed outside of the case. The evidence of W. A. Ellis does not show that W. C. Ellis had no authority to act for him. W. C. Ellis did testify he was agent for W. A. Ellis and his evidence was uncontradicted in this respect.

VII. It is said paragraphs five and six of the charge are erroneous. The former is a copy of section 3969 of the Code, and the latter informs the jury the action is brought under the section named; that there is no other issue, and that the only question before the jury was whether the plaintiff under the statute was entitled to recover. This instruction is correct. Paragraph three and one-half is also objected to, but no argument is advanced in support of the objection; it will therefore be deemed waived. The objection made to paragraphs eight and nine is the same as that made to five and six above considered. Paragraphs thirteen, fourteen and fifteen of the charge are objected to and brief reasons urged in support of the objections. We think them correct and that counsel have misconceived their tenor and effect.

VIII. It is said the court erred in submitting interrogatories two and three to the jury. We do not concur in this proposition. Finally, it is assigned as error the court erred in overruling the motion for a new trial. Thirty-two reasons are assigned in the motion for a new trial. The assignment of errors is not sufficiently specific.

AFFIRMED.