STATE OF MINNESOTA *vs.* H. W. CURTIS.

November 12, 1888.

Forgery—Indictment—Description of Instrument.—An indictment for forgery charged that it "consisted in indorsing the name of Fred. W. Smith upon a check dated March 8, 1887, for the sum of fifty dollars, signed and drawn by J. A. Gilfillan, and payable to the order of Rev. Fred. W. Smith," the name of the drawee not being given. *Held* sufficient.

Criminal Trial—Cross-Examination of Defendant.—A defendant in a criminal case, sworn as a witness in his own behalf, may, on cross-examination, be asked if he has been convicted of crime.

Appeal by defendant from an order of the district court for Becker county, *Sleeper,* J., presiding, (before whom, acting for a judge of the 14th district, the trial was had,) refusing a new trial.

*Jeff. H. Irish*, for appellants.

*Moses E. Clapp*, Attorney General, for the State.

GILFILLAN, C. J.   This is an indictment for forgery, which forgery, as alleged in the indictment, "consisted in indorsing the name of Rev. Fred. W. Smith upon a check dated March 8, 1887, for the sum of fifty dollars, signed and drawn by J. A. Gilfillan, and payable to the order of Rev. Fred. W. Smith."   The defendant was found guilty as charged in the indictment.   On the trial the check was offered in evidence, and appeared to be drawn upon the First National Bank of St. Paul.   It was objected to on the ground that there was a variance between it and the instrument described in the complaint.   There was no variance.   The instrument contained every item of description contained in the indictment, and just as therein set forth; and had one further item of description not in the indictment, to wit, the name of the drawee.   So far as the offence charged was concerned, it did not matter who was the drawee; and, as the check was described so fully that the defendant could not have been misled by its introduction, there could be no variance.

An objection to the indictment is made which goes to its sufficiency to show a crime committed.   This is that, because the check is not expressly alleged to have had a drawee, it is not an instrument known to the law, and has no legal effect, and cannot, therefore, be the subject of forgery.   It is called a "check," is stated to have had a drawer, a payee, and to have been for the payment of a specified sum of money, from which it appears that it was what in law is known as a "check."   A "check" is an instrument as well known in the law as a bill of exchange or promissory note.   When the term is applied to a written instrument, it has as well-defined and certain a legal signification as the term "bill of exchange" or "promissory note." So, when it is designated as a "check," and especially when it is stated to have a drawer and payee, and to be for a specified sum, it appears that it was drawn on some bank or banker as certainly as though the name of the bank or banker were given; for without a drawee it could not be a check.   If the indictment were for forging the acceptance of the drawee, it would undoubtedly be necessary to

state the name of the drawee; for it would be the forging of that name which would constitute the offence. But this indictment is for forging the name of the payee, whose name is given, and, so far as concerned the forging of that name, the name of the drawee (there being enough to show that it was a check payable to the person whose name was forged) could be material only for description and identification of the instrument; and in this case it was sufficiently identified without that name. The indictment is good.

The defendant, being examined as a witness in his own behalf, was, on cross-examination, asked if he had been previously convicted of a felony, and his objection to the question was overruled. Section 531 of the Penal Code allows the fact of a witness's previous conviction for crime to be proved, either by the record or by his cross-examination, for the purpose of affecting the weight of his testimony. The section makes no exception to this rule, and we cannot see why, under its provisions, the credibility of the defendant as a witness may not be assailed in this way as well as in any other.

Order affirmed.

MITCHELL, J., (*dissenting.*) The universal rule at common law is that, in an indictment for forgery, the writing must be set out according either to its tenor or its import; so that it will appear that it was such as, if true, would be of some legal efficacy, and that the court may see whether it be such as it is alleged to be, and whether it falls within the act or law on which the prosecution is founded. This court has heretofore recognized this rule. *State* v. *Wheeler*, 19 Minn. 70, (98;) *State* v. *Riebe*, 27 Minn. 315, (7 N. W. Rep. 262.) In the indictment in the present case, while the writing is called a "check," it is not alleged to have been drawn on anybody, and, if not, it had no legal efficacy whatever, and could not be the subject of an indictable forgery. For this reason, I think, the indictment is bad. It probably would be wise policy for the legislature to change the law, as has been done in England, by providing that the forged instrument may be described simply by the name by which it is usually known,—as a promissory note, bill of exchange, or check,—without further description; but the common-law rule is so well settled other-

wise that I think the legislature, and not the courts, should make the change.

VANDERBURGH, J.   I concur in the view of Justice Mitchell.