January 3, 1890.

**Criminal Law—Evidence.**—An objection to the reception of certain oral testimony considered and disposed of.

**Same—Defendant as Witness—Impeachment— Record of Conviction of Assault.**—The defendant in a criminal action became a witness in his own behalf. Thereupon, in rebuttal, for the purpose of affecting his credibility, the state offered, and, under objection, the court received, record evidence of the conviction of the defendant witness of the crime of assault and battery several years previous. *Held*, that said record was admissible, under the provisions of section 531, Pen. Code.

Defendant was convicted in the district court for Hennepin county, before *Hicks*, J., of assault in the second degree, and appeals from an order refusing a new trial.

*Merrick & Merrick*, for appellant.

*Moses E. Clapp*, Attorney General, and *Robert Jamison*, for the State.

COLLINS, J. Defendant stands convicted of the crime of assault in the second degree, as defined in the fourth subdivision of section 187, Pen. Code. Upon appeal, he alleges error in rulings made by the trial court upon the admissibility of certain testimony, and, further, that the verdict is so manifestly and palpably against the evidence as to raise the presumption that it was the result of prejudice and passion. The case has been here before. 38 Minn. 438, (38 N. W. Rep. 355.)

1. The court below ruled correctly as to the admission in evidence of the conversation which occurred, immediately before the defendant's arrest, between his wife and the police officer. The latter was in the hallway, upon the outside of the door which opened into defendant's living room. The wife was in the room, the door being closed. From the situation of the parties, it would be impossible for the officer to say positively that defendant was in the room at the time, and had knowledge of what was said by his wife to the of-

ficer then seeking his arrest.    But, as the surrounding circumstances and all that transpired were detailed, in connection with the fact that the officer at once entered the apartment, and found defendant sitting on the edge of a bed, the question of his presence became a proper one for the jury.    .

2. The defendant introduced evidence to establish previous good character, and became a witness in his own behalf.    On the cross-examination, he was interrogated, despite the objection made by counsel, as to his having been convicted some years before of the offence of assault and battery.    He did not expressly deny such conviction, but his answers were evasions, or, possibly, might be regarded as an admission of the charge.    Thereupon, in rebuttal, over defendant's objection that it was incompetent and immaterial, the state was permitted to show by the record that defendant had been convicted of the misdemeanor before mentioned.    His counsel now contends with great earnestness that this ruling was erroneous, but seems to have abandoned the position, taken upon the trial, that the cross-examination of the defendant as to the former conviction was equally improper.    If the cross-examination was proper,—and, under the circumstances, we are justified in assuming that it was,—it is difficult to see, upon general principles, without regard to a statute which may control and govern, any substantial reason why the fact of conviction should not be established, irrespective of the purpose, by the best evidence obtainable, that is, by the record.    The object being to discredit the witness, why should the disparaging, and perhaps very degrading, testimony be drawn from the witness himself, and the better evidence in degree excluded, contrary to a well-known rule?    There are very respectable authorities holding that, when evidence of former conviction is offered for the purpose of affecting the credibility of a witness, it should be the record thereof.    *Carpenter* v. *Nixon,* 5 Hill, 260; *People* v. *Satterlee,* 5 Hun, 167; *Shay* v. *People,* 22 N. Y. 317.    But we are relieved of the necessity of passing upon this question by section 531 of the Penal Code, which provides that a conviction of any crime may be proved, either by the record or by cross-examination of the witness, for the purpose of affecting the weight of his testimony.

In *State* v. *Curtis*, 39 Minn. 357, (40 N. W. Rep. 263,) it was held that a defendant witness could be questioned as to a former conviction for a felony; that the fact of such conviction could be established by the record or upon his cross-examination, as expressly provided in the section above referred to; and that no exception had been made to the rule. If that case was correctly decided upon that point, it disposes of this. From the earliest legislation in this state, all felonies and all misdemeanors have been denominated as "crimes." Pub. St. 1858, c. 87, § 2; Gen. St. 1878, c. 91, § 1; Pen. Code, §§ 3-6. And the statute was the same in territorial days. Rev. St. 1851, c. 98, § 2; Amendments of 1852, § 100. All crimes, without distinction, are included in section 531; for, in plain language, evidence of conviction of "any" crime may be received to affect the weight of a witness' testimony; that is, to affect his credibility. In view of the fact that for so many years all misdemeanors have been designated and known as "crimes" by statute, and that the same designation and division of crimes into two classes, felonies and misdemeanors, was adopted as part of the act in which is found the section under consideration, it is impossible to say, with counsel for appellant, that the law-makers intended to except from the operation of the statute convictions for trivial offences, or to discriminate between felonies and misdemeanors. Upon the other hand, the irresistible conclusion is that they intended just what they said, leaving the whole matter, when evidence of conviction is produced, to the good judgment of the jury. It is obvious that it is the nature of the crime of which one has been convicted, and not the name which the law may have affixed to the offence, or the term or kind of punishment inflicted, which affects the credibility of the witness. Some offences which are not felonies may affect a person's credibility much more than some felonies. And these facts were clearly recognized under the common law, when those convicted of infamous crimes were wholly excluded from being witnesses. It may be suggested, however, that by the true construction of this section 531 the convictions which may be proved to discredit a witness are those only which might at common law have been shown to disable and exclude him; that, although at common law conviction for an infamous of-

fence excluded the party from being a witness, he may now testify, notwithstanding such conviction of an infamous offence, but the fact of such conviction, that is, of an infamous offence, may be shown for the purpose of discrediting him.    This view was taken of a statute somewhat similar to section 531, in *Bartholomew* v. *People,* 104 Ill. 601, but the reasoning and effect of that case are wholly destroyed by the fact that the Illinois statute repealed one (based upon the common-law rule, which had existed in that state for a number of years) rendering all persons convicted of certain specified crimes infamous, and incompetent as witnesses, while, in Minnesota, we have had no statute of that import, nor has the common law upon the subject ever prevailed.    As early as 1851 (Rev. St. 1851, *c.* 95, § 51,) it was enacted that no person should be incompetent as a witness because of conviction of crime, and the law has remained the same, in substance, ever since.    That part of section 531 which declares that a person heretofore or hereafter convicted of crime is, notwithstanding, a competent witness, was entirely superfluous legislation, and, in view of the law which had existed so long, meant nothing.    We think there can be no doubt as to the meaning of the balance of the section, and the record of the conviction was properly received in evidence.    *Com.* v. *Hall,* 4 Allen, 305.; *State* v. *Curtis, supra.*

As to the claim that the evidence did not justify the verdict, we need but to say that the defendant has now been convicted twice, and that, if the jury at the last trial believed the testimony of the witnesses for the state, there was an abundance of evidence to sustain the result.

Order affirmed.