A. A. PALMER, Appellant, v. THE CEDAR RAPIDS & MARION
RAILWAY COMPANY.

. **Impeachment:** FORMER CONVICTION: *Felony and infamous crime.*
Under Code, section 4602, providing that facts which have
heretofore caused the exclusion of testimony may still be shown
to lessen its credibility, it was error to introduce the record of
a federal court showing a conviction in another jurisdiction
for carrying on the business of a liquor dealer without paying
the special tax; for, though such offense might be punished
by imprisonment in the penitentiary, it was not of an infamous
nature, and is not a felony under the laws of the United States
and within the rule disqualifying witnesses.

' **SAME.** Code, section 4613, declaring that a witness may be inter-
rogated as to his previous conviction for a felony, but that no
further proof is competent, except the record, was intended
to limit evidence of previous convictions, as effecting the credi-
bility of witnesses to cases of felony, and does not permit the
introduction of a record of conviction in another jurisdiction
for an offense less than a felony, to affect a witness' .credibility.
It is intimated, without being decided, that conviction for fel-
ony, in another jurisdiction, is admissible to affect credibility.

' **Collision With Bicycle:** TIME TO DISMOUNT: *Evidence* In an ac-
tion for injuries received by a bicycle rider in a collision with
defendant's street car, it was error to allow defendant's wit-
nesses to state how long it would take to dismount on meeting
an approaching team, as the inquiry would have been confined
to what it would be reasonably practicable for the ordinary
rider to do under the circumstances.

*Appeal from Linn. District Court.*—HON. WILLIAM N.
TREICHLER, Judge.

THURSDAY, APRIL 11, 1901.

THIS action was brought to recover damages for per-
· sonal injuries alleged to have been received by plaintiff by
reason of a collision between the plaintiff while riding a bi-
· cycle on the streets of Cedar Rapids and a street car operated
· by the employes of the defendant, due to the negligence of

defendant's employes, without fault on the part of plaintiff. The amount sued for was $15,000. Defendant denied the negligence and the injury, and alleged the contributory negligence of plaintiff. There was a verdict for plaintiff for $100, and from the judgment on this verdict plaintiff appeals.—*Reversed.*

*Rickel & Crocker* for appellant.

*Chas. A. Clark & Son* and *W. E. Steele* for appellee.

McCLAIN, J.—Errors are assigned on the admission of testimony of witnesses for defendant as to how long it would take such witnesses to dismount from their bicycles on meeting an approaching team, and this assignment seems to be well taken. Certainly the evidence ought to have, been confined to what it would be reasonably practicable for an ordinary rider to do under such circumstances, and it was error to allow a witness to testify how long it would take him to get off his bicycle in case of danger.

Plaintiff was examined as a witness on his own behalf, and defendant offered in evidence the record of plaintiff's conviction in the United States district court for the Northern district of Iowa for the offense of carrying on the business of a liquor dealer without first having paid the special tax therefore required by the revenue laws of the United States. The evidence was objected to on the ground that it did not appear from the record offered that the offense charged is a felony, as defined by the laws of the state of Iowa, nor that it is a felony under the laws of the United States, nor that it was punishable by imprisonment in the penitentiary, and also in general that it was incompetent, irrelevant, and immaterial. These. objections were overruled, and the record was admitted, and, if in this ruling there was error, then, unquestionably, prejudice is presumed to have resulted, and the judgment should be reversed. In

arguing these assignments, appellant's counsel contend that the crime of which appellant was convicted in the federal court was not an infamous one, in such sense as to affect his credibility as a witness, and, further, that the conviction of a crime in another jurisdiction cannot be proven for the purpose of affecting the credibility of a witness in the courts of this state. The sections of our Code bearing upon the question thus presented are the following:

"Sec. 4602. Facts which have heretofore caused the exclusion of testimony may still be shown for the purpose of lessening its credibility."

"Sec. 4613. A witness may be interrogated as to his previous conviction for a felony; but no further proof is competent except the record thereof."

These sections, which appeared substantially in their present form in the Code of 1851, and have been retained ever since, have not been interpreted by this court with reference to the questions here presented, and require some consideration. The first of these follows the general section introduced into the Code of 1851, and ever since in force, declaring that every human being of sufficient capacity to understand the obligations of an oath is a competent witness. That provision removed the common-law disability of a witness on account of infamy, and the object of the provision found in section 4602 was undoubtedly to make the evidence of such a conviction as would have rendered the witness incompetent at common law, admissible to affect the credibility of his testimony. Section 4613 was enacted for a somewhat different purpose, as will appear from the connection in which it has been found ever since it was first adopted. It follows provisions declaring that the witness is not to be excused from answering questions on the ground that he would thereby be subjected to a civil liability, but that when the matter sought to be elicited would tend to render him criminally liable, etc., he is not compelled to answer. Under the common law, without regard to statutory provision, it has

generally been held that the credibility of a witness may be impeached by showing his bad moral character, and that he may be asked on cross-examination as to the facts tending to show his bad character, but that, so far as his answers relate to matters collateral to the issue, they cannoot be contradicted by other evidence; and, further, that he cannot be cross-examined by asking about a previous conviction of a crime, because the record of his conviction would be the best evidence of that fact. 1 Greenleaf, Evidence, section 457; 3 Jones, Evidence, section 834. On the question as to how far the witness may be interrogated with regard to criminal conduct, the authorities have been by no means clear or uniform, and it was evidently the purpose in enacting the provision now found in Code, section 4613, that a witness may be interrogated as to a previous conviction of a felony, but that no other proof of such conviction is competent, except the record thereof, to put into definite form the law on this subject. In this case the witness (plaintiff) seems to have been interrogated on cross-examination as to proceedings against him in the federal court, but the conviction shown by the record which was introduced was not a conviction for an offense which would be a felony under the laws of Iowa, nor under the laws of the United States, and therefore the record was not admissible, under Code, section 4613.

We have to inquire, therefore, whether under Code, section 4602, this record was admissible as affirmative evidence on the part of defendant for the purpose of impeaching the credibility of plaintiff as a witness, and the question at once arises whether at common law the record of such conviction could have been introduced to show him incompetent to testify; for that section authorizes proof of "facts which have heretofore caused the exclusion of testimony"—that is, facts which under the common law, as it was in force in this state prior to the incorporation of this provision into the Code of 1851, would have rendered him incompetent. By the common law, a witness who has been convicted of an infamous

crime is not allowed to testify; the reason assigned being that such a person is insensible to the obligations of an oath, "morally too corrupt to be trusted to testify, so reckless of the distinctions between truth and falsehood and insensible to the restraining force of an oath as to render it extremely improbable that he will tell the truth at all." 1 Greenleaf, Evidence, section 372; 3 Jones, Evidence, section 734. But it is not the conviction of any crime which has this effect, and there has been great difficulty among judges and' text writers in stating any satisfactory rule for determining definitely what are the crimes conviction of which disqualifies a witness from testifying. Without controversy, conviction for treason or felony will disqualify, but as to other crimes it has been said that they must be in their nature infamous; and this has been interpreted to include only those crimes involving the element of falsifying, such as perjury or forgery, or other crimes which tend to the perversion of justice in the courts. 1 Greenleaf, Evidence, section 373; 3 Jones, Evidence, section 734; *Bickel's Ex'rs v. Fasig's Adm'r,* 33 Pa. 463; *Liltle v. Gibson,* 39 N. H. 505; *Schuylkill Co. v. Copley,* 67 Pa. 386.

In none of the cases which we have been able to find has it been held that conviction of an offense not a felony, and involving no greater infamy than that shown by the breach of the revenue laws or police regulations, will render the witness incompetent to give testimony. There is no pretense that the offense of which the appellant was convicted in the federal courts was a felony under the laws of the United States. The fact that a crime is punishable, under the laws of the United States, by imprisonment in the penitentiary, does not make it a felony. *Bannon v. U. S.,* 156 U. S. 464 (15 Sup. Ct. Rep. 467, 39 L. Ed. 494). But it is contended that for the offense of which appellant is convicted he might have been punished under the laws of the United States by imprisonment in the penitentiary (Revised Statutes U. S., sections 5539-5544), and

therefore that the offense was an infamous one. To support this contention, reference is made to *Ex parte Wilson,* 114 U. S. 417 (5 Sup. Ct. Rep. 935, 29 L. Ed. 89), and *Mackin v. U. S.,* 117 U. S. 348 (6 Sup. Ct. Rep. 777, 29 L. Ed. 909). These cases hold that under the provisions of the fifth amendment of the constitution of the United States, requiring that prosecution for capital and otherwise infamous crimes shall be only by indictment, all crimes are infamous which may be punished by imprisonment in the penitentiary, thus making the infamy of the crime dependent upon the nature of the punishment which may be imposed; but this conclusion is reached by making a distinction between crimes which are infamous by reason of the nature of the act done and those which are infamous by reason of the punishment which may be inflicted therefor, and holding that it is infamy in the punishment and not infamy in the crime itself which is referred to in the fifth amendment. In the *Mackin Case,* Mr. Justice Gray, reiterating the reasoning of the court in the *Wilson Case,* says: "The fifth amendment has in view the rule of the common law governing the mode of prosecuting those accused of crime, by which an information by the attorney general, without the intervention of a grand jury, was not allowed for a capital crime, nor for any felony, rather than the rule of evidence by which those convicted of crimes of a certain character were disqualified to testify as witnesses. In other words, of the two kinds of infamy known to the law of England before the Declaration of Independence, the constitutional amendment looked to the one founded on the opinions of the people respecting the mode of punishment, rather than to that founded on the construction of the law respecting the future credibility of the delinquent." It is well settled that in determining whether the crime of which the witness has been convicted is an infamous crime, which will disqualify him from testifying, the nature of the crime, and not the punishment which may be inflicted therefor, is the test. *Pendock v. Mackinder,* Willes, 665;

Eden, Penal Laws, chapter 7, section 5; Gilbert, Evidence, 143; 1 Phillips, Evidence, 23, note 13; Bull, N. P. 291; *People v. Whipple,* 9 Cow. 707; *Schuylkill Co. v. Copley,* 67 Pa. 386; *Bartholomew v. People,* 104 Ill. 601; *State v. Sauer,* 42 Minn. 258 (44 N. W. Rep. 115); *Holloway v. Com.,* 74 Ky. 344, 352. By the weight of authority, a conviction in another jurisdiction cannot be shown for the purpose of disqualifying a witness. 1 Greenleaf, Evidence, section 376; 3 Jones, Evidence, 735; *Sims. v. Sims,* 75 N. Y. 466; *Trust Co. v. Gleason,* 77 N. Y. 400; *Com. v. Green,* 17 Mass. 515; *Langdon v. Evans,* 3 Mackey, 1; *Logan v. U. S.,* 144 U. S. 263, 303 (12 Sup. Ct. Rep. 617, 36 L. Ed. 429). But there are authorities to the contrary. *Chase v. Blodgett,* 10 N. H. 22; *State v. Candler,* 10 N. C. 393; *State v. Foley,* 15 Nev. 64.

There is some suggestion that conviction in another jurisdiction should be admitted as affecting the credibility, although not operative as a disqualification. *Com. v. Knapp,* 9 Pick. 496, 511. But that ground is covered in this state by Code, section 4613, which evidently was intended to limit previous convictions in general, as affecting credibility, to cases of felony. *Hanners v. McClelland,* 74 Iowa, 318, 322; *Kitteringham v. Dance,* 58 Iowa, 632, 634; and see *Utely v. Merrick,* 11 Metc. (Mass.) 302. Perhaps, under Code, section 4613, the conviction for a felony in another jurisdiction may be shown to affect the credibility of the witness, but the record here introduced was not of conviction for a felony as already pointed out, and therefore was not admissible under this section. The admission of the record of plaintiff's conviction in the federal court was therefore error prejudicial to the plaintiff.—REVERSED.