STATE, CITY OF MINNEAPOLIS, v. RICHARD A. BROWN.

226 N. W. 2d 747.

February 14, 1975—Nos. 44909, 44959.

C. *Paul Jones,* State Public Defender, and *David Knutson,* Assistant State Public Defender, for appellant.

*Walter J. Duffy, Jr.,* City Attorney, and *Larry L. Warren,* Assistant City Attorney, for respondent.

Heard before Sheran, C. J., and Kelly and Yetka, JJ., and considered and decided by the court en banc.

YETKA, JUSTICE.

Defendant was arraigned on October 1, 1973, in Hennepin County Municipal Court and entered a plea of not guilty to the charge of driving after license suspension in violation of Minneapolis Code of Ordinances, § 402.080. After trial before the court without a jury, a finding of guilty was entered and defendant was fined $50, half of which sum was stayed for one year. Defendant was also sentenced to 30 days in jail, the execution of

which was also stayed for one year. Defendant has appealed his conviction. We affirm.

At trial, the prosecution offered an affidavit of one Lucille Hein, an employee of the Department of Public Safety, stating that the records of the department showed that defendant's driver's license was suspended, that an order of suspension was mailed to defendant, and that the order was not returned as undeliverable. That evidence was admitted over objection. Defendant asserts here that its admission was error requiring reversal of his conviction and the granting of a new trial.

Since Minneapolis Code of Ordinances, § 425.170, provides for possible incarceration for violation of § 402.080, the trial was clearly in the nature of a criminal proceeding. City of St. Paul v. Whidby, 295 Minn. 129, 203 N. W. 2d 823 (1972).

Minn. St. 171.21 provides as follows:

"Copies of any of the files or records of the [Department of Public Safety] certified by the commissioner as being true copies shall be received in evidence in any court in this state *with the same force and effect as the originals.*" (Italics supplied.)

The clear meaning of the above-quoted provision is to obviate the necessity of producing the original records. The inquiry thus becomes whether or not the originals of defendant's records would have been properly admissible with only an affidavit for foundation, which, in turn, requires examination of Minn. St. 600.02 and 600.13.

Minn. St. 600.02 reads as follows:

"A record of an act, condition, or event shall, in so far as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition, or event, and if, in the opinion of the court, the sources of information, method, and time of preparation were such as to justify its admission."

Minn. St. 600.13 provides in part:

*"The original record made by any public officer in the performance of his official duty shall be prima facie evidence of the facts required or permitted by law to be by him recorded.* A copy of such record, or of any document which is made evidence by law and is preserved in the office or place where the same was required or is permitted to be filed or kept, or a copy of any authorized record of such document so preserved, when certified by the person entitled to the official custody thereof to have been compared by him with the original and to be a correct transcript therefrom, shall be received in evidence in all cases, with the same force and effect given to such original document or record; but if such officer have, by law, an official seal, his certificate shall be authenticated thereby." (Italics supplied.)

It is defendant's position that § 600.02 is controlling in this case, thus requiring that the proffered records be supported by the testimony of a custodian or qualified witness. The prosecution responds that § 600.13, rather than § 600.02, is applicable in this case. The above italicized portion of § 600.13 appears to lend support to the latter view. Indeed, it has been recognized that the admission of official records on affidavit of a proper official or custodian has a sound basis in policy. Not only is there a presumption of accuracy and trustworthiness of official records, but also it is obviously desirable to avoid the administrative burden of requiring governmental employees or officers to testify whenever an official record is sought to be employed as evidence. Warren v. United States, 447 F. 2d 259, 262 (9 Cir. 1971), citing 5 Wigmore, Evidence (3 ed.) §§ 1631, 1632; People v. Braswell, 12 Mich. App. 685, 163 N. W. 2d 461 (1968). Thus, there is a valid basis for distinguishing business records (Minn. St. 600.02) from official records (Minn. St. 600.13) and, further, for holding that the latter provision allows the admission of official records upon proper certification.

Defendant contends that he was denied his constitutional right

of confrontation by not having an opportunity to cross-examine Ms. Hein. In support of this assertion, he cites the recent case of State v. Wiley, 295 Minn. 411, 205 N. W. 2d 667 (1973). In that case the prosecution successfully placed in evidence certain welfare records to show that defendant resided at a certain address, which was an essential element of the crime charged. Those records were introduced through the testimony of a welfare officer who had not prepared those records. In holding the admission of said records was error, this court stated:

"* * * No one from the Hennepin County Welfare Department testified from his personal knowledge as to the address defendant gave the welfare department. Therefore, it was error to allow the testimony without affording defendant the opportunity to cross-examine the persons who prepared the reports and had firsthand knowledge of their contents." 295 Minn. 421, 205 N. W. 2d 675.

The state seeks to distinguish Wiley from the instant case by claiming that in Wiley it was not really clear if the basis for the entries showing Wiley's address was obtained from Wiley, from the actual observations of the absent welfare worker, or from statements of third parties. Moreover, in Wiley the state did produce the custodians of Wiley's welfare records, but this was not sufficient since it was the basis of the records that was challenged, not the accuracy of the copy of the records. Because defendant does not seem seriously to claim that he lacked knowledge of the suspension order, it would appear that he, unlike Wiley, does not challenge the basis of the records.

There is an impressive list of authorities from other jurisdictions holding that the admission of properly certified official records does not constitute a denial of the right of confrontation to an accused. In particular, the following cases support that proposition: Warren v. United States, *supra;* State v. Karney, 208 Kan. 677, 494 P. 2d 1204 (1972); State v. Colvin, 19 Ohio St. 2d 86, 48 Ohio O. 2d 94, 249 N. E. 2d 784 (1969); People v.

118

Braswell, *supra.* Further, as noted by the state, Rule 27, Federal Rules of Criminal Procedure, which incorporates Rule 44, Federal Rules of Civil Procedure, allows for the admission of properly certified official records.

In this case, part of the affidavit is a statement that the official records do not contain a return of the notice of suspension mailed to defendant. Similar statements derived from official records have been admitted without cross-examination, and no denial of confrontation was found on appellate review. Warren v. United States, *supra;* State v. Colvin, *supra;* People v. Braswell, *supra.* See, also, 5 Wigmore, Evidence (3 ed.) § 1678, p. 754.

We do not hold that in a proper case where defendant offers evidence to substantiate his claim that he was unaware of a suspension of his license, or the reasons therefor, or that notice of such suspension was not given him, that a trial court could not order a state official to be called and to testify as to how the driver's records were prepared, but the record of this case is devoid of any claim or proof that the defendant did not receive such a suspension notice. Thus, we find no prejudice to the defendant.

Affirmed.