[No. 1407-3.   Division Three.   June 8, 1976.]

THE STATE OF WASHINGTON, *Respondent*, v. KENNETH H. LYERLY, *Appellant*.

*James S. Hogan,* for appellant.

*Joseph Panattoni, Prosecuting Attorney,* and *David H. Gorrie, Deputy,* for respondent.

McINTURFF, C.J.—Kenneth H. Lyerly appeals from his conviction of operating a motor vehicle upon a public highway while his privilege to do so was suspended. We affirm the conviction.

Mr. Lyerly was convicted in Yakima County District Court of driving while under the influence of intoxicating liquor on November 9, 1973. No appeal was taken. Following the conviction, Mr. Lyerly's driver's license was suspended by the Department of Motor Vehicles. The suspension was affirmed on review by the Yakima County Superior Court. On July 31, 1974, Mr. Lyerly was convicted in Kittitas County District Court of driving while his privilege to do so was suspended. Judgment of the Kittitas County District Court was affirmed on appeal to the Kittitas County Superior Court.

During the appeal to Kittitas County Superior Court, Mr. Lyerly moved that his guilty plea in the prior action for driving while under the influence of intoxicating liquor be set aside as uncounseled and thus constitutionally infirm. The motion was denied, resulting in this appeal.

As a preliminary matter, we note that Mr. Lyerly has failed to set out his single assignment of error as required by CAROA 42(g)(1)(iii) and CAROA 43, which rules by their terms bar further consideration by this court. However, Mr. Lyerly argues abridgement of his Sixth Amendment right to counsel, thereby placing his failure to set out his assignment of error within an exception to the rules for constitutional claims.[1]

As stated, Mr. Lyerly assigns as error the denial by the Kittitas County Superior Court of his motion to set aside the guilty plea entered in Yakima County District Court. It is contended that the Yakima plea was uncounseled, rendering the Yakima conviction of driving while under the influence of intoxicating liquor and subsequent suspension of driving privileges constitutionally infirm, and the present Kittitas conviction for driving while license suspended erroneous, as resting upon an infirm suspension. We decline to rule upon the merits of the issues raised by this argument, choosing to affirm the Kittitas conviction upon other grounds.

It is axiomatic in the law that every judgment regularly entered by a court of competent jurisdiction is binding until reversed on appeal or vacated in some manner provided by law.[2] The Yakima conviction of driving while under the influence of intoxicating liquor and the Yakima Superior Court judgment affirming the Department of Motor Vehicles suspension of driving privileges, were valid and subsisting judgments rendered by competent courts at the time of Mr. Lyerly's Kittitas arrest for driving while

---

[1]*State v Pegg*, 13 Wn. App. 583, 584, 536 P.2d 171 (1975).

[2]*Chesapeake & O. Ry. v. McCabe*, 213 U.S. 207, 217, 53 L. Ed. 765, 29 S. Ct. 430 (1909); *Wagner v. Northern Life Ins. Co.*, 70 Wash. 210, 212, 126 P. 434 (1912).

his license was suspended. The Yakima judgments had not been reversed or vacated, nor has Mr. Lyerly attacked the Yakima judgments as void for lack of jurisdiction. That Mr. Lyerly's driving privilege had been suspended at the time of his Kittitas arrest is dispositive of his guilt in the present action. The granting of Mr. Lyerly's Kittitas motion to set aside his Yakima plea would not alter the Kittitas result.

Assuming arguendo the Yakima judgments are in fact erroneous, the laws of this state provide a method for correction of such error by direct appeal or motion to the same or higher court. Direct disobedience of the final judgment of a competent court is not an acceptable method for correction of court error. Mr. Lyerly chose direct disobedience when he resumed driving after suspension.

Judgment of the Superior Court is affirmed.

GREEN and MUNSON, JJ., concur.