STATE of Minnesota, Appellant,

v.

Herman John BARUTT, Respondent.

No. 81–1020.

Supreme Court of Minnesota.

Dec. 1, 1981.

Warren Spannaus, Atty. Gen., St. Paul, John Riches II, County Atty., Brian J. Aslesen, Asst. County Atty., Benson, for appellant.

Richard H. Hilleren, Benson, for respondent.

SHERAN, Chief Justice.

This is a pretrial state's appeal, pursuant to Minn.R.Crim.P. 29.03, subd. 1,[1] from an order of the district court dismissing a prosecution of defendant for aggravated driving while under the influence (aggravated DWI), Minn.Stat. § 169.129 (1980). That statute makes it a gross misdemeanor for a person to operate a motor vehicle while under the influence of alcohol "before his driver's license . . . has been reinstated following its cancellation, suspension or revocation" for driving while under the influence. The district court based its dismissal on belief that the state could not successfully prosecute defendant for violating this statute because the cancellation, suspension or revocation was for driving while under the influence in another state. We reverse and remand for trial.

The statute in question provides:

Any person who drives, operates, or is in physical control of a motor vehicle, the operation of which requires a driver's license, within this state in violation of section 169.121 or an ordinance in conformity therewith before his driver's license or driver's privilege has been reinstated following its cancellation, suspension or revocation (1) because he drove, operated, or was in physical control of a motor vehicle while under the influence of alcohol or a controlled substance or while he had an alcohol concentration of 0.10 or more or (2) because he refused to take a test which determines the presence

---

1. As to the propriety of this appeal, *see State v. Wicks*, 258 N.W.2d 598 (Minn.1977).

of alcohol or a controlled substance when requested to do so by a proper authority, is guilty of a gross misdemeanor. Jurisdiction over prosecutions under this section is in the district court.

Recently, in *State v. Stankey*, 302 N.W.2d 347 (Minn.1981), we held that when a driver's license is revoked because of DWI, it continues to be revoked within the meaning of the aggravated DWI statute until a new license is issued, regardless of the reason the driver was prevented from obtaining a reinstated license. In *Anderson v. State, Dept. of Public Safety*, 305 N.W.2d 786 (Minn.1981), we held that revocation of a Minnesota driver's license is proper under section 171.17(7) for a DWI offense in another state which, if committed in this state, would be ground for revocation of the driver's license.

In this case the state apparently was able and will be able to show, through certified records, that defendant's license was revoked on the basis of a DWI conviction. *State, City of Minneapolis v. Brown*, 303 Minn. 114, 226 N.W.2d 747 (1975). The records reveal that defendant was given an opportunity to challenge the revocation but did not and that his license had not yet been reinstated when he allegedly committed the second act of DWI.

We believe that the mere fact that the prior revocation was for a DWI offense occurring in another state should not serve to exculpate defendant. The statute does not make any exception for prior revocations based on DWI convictions occurring in other states, and we fail to see any good reason for doing so. The legislature has deemed driving while under the influence by drivers whose licenses are under revocation for driving while under the influence to be an especially serious offense requiring greater punishment, and that logic applies whether the prior revocation is for a Minnesota DWI conviction or a DWI conviction in another state.

We do not decide issues not properly before us, such as whether defendant would be able collaterally to challenge in this proceeding the validity of the revocation under Minn.Stat. § 171.17(7) on the basis of the out-of-state DWI violation. *See State v. Orethun*, 84 Wis.2d 487, 267 N.W.2d 318 (1978); *State v. Lyerly*, 15 Wash.App. 606, 550 P.2d 546 (1976). We note, however, that it seems clear that a defendant in such a prosecution should be free to make an issue of whether or not he actually received notice of the revocation on this ground. *See State, City of Minneapolis v. Brown*, 303 Minn. 114, 118, 226 N.W.2d 747, 749 (1975).

Reversed and remanded.

Defendant is awarded attorneys fees in the amount of $400 pursuant to Minn.R. Crim.P. 29.03, subd. 2(8).