**STATE of Minnesota, Appellant,**

v.

**Gilbert A. OLSON, Respondent.**

No. C4–85–1672.

Court of Appeals of Minnesota.

Feb. 25, 1986.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Alfred Zdrazil, City Atty., Bemidji, for appellant.

Paul A. Kief, Bemidji, for respondent.

Heard, considered and decided by SEDGWICK, P.J., and RANDALL and CRIPPEN, JJ.

## OPINION

SEDGWICK, Judge.

Respondent, Gilbert Olson, was charged with two counts of first degree burglary under Minn.Stat. §§ 609.582, subd. 1(a) (1984) (another person not an accomplice present in dwelling) and 609.582, subd. 1(c) (1984) (assault of a person within building), second degree burglary under § 609.582, subd. 2(a) (1984), fourth degree burglary under § 609.582, subd. 4 (1984), two counts of trespass under § 609.605(6) (1984), criminal damage to property under § 609.595, subd. 2 (1984), two counts of fifth degree assault under §§ 609.224(1) and 609.224(2) (1984), and criminal contempt under § 588.-20(4) (1984). After an omnibus hearing, the trial court dismissed the first degree burglary count under § 609.582, subd. 1(a) and the second degree burglary count. The State appeals.

## FACTS

On December 31, 1984, Mary Rowes and Gilbert Olson were divorced. Rowes was granted custody of their two children. Olson was prohibited from harassing Rowes and was granted visitation provided that he abstain from drinking alcohol before ·and during the visitation.

The complaint against Olson states that on January 26, 1985 around midnight Olson knocked on the door of the residence that Rowes and the two children share with Sid Graser. Rowes opened the door and observed that Olson was "drunk and nasty." She attempted to shut the door, but he kicked the door in and entered the home. Rowes tried to call the sheriff. Olson pulled the phone apart and hit Rowes with it. When Rowes tried to prevent Olson from going into the children's bedroom, he hit her, knocked her down, and slapped her in the face. Rowes escaped to a neighbor's house and called the sheriff. The complaint alleged that the residence belongs to

Graser; that Olson had no legal right to be there; and that it was not a time for a scheduled visitation.

The trial court found probable cause that Olson committed misdemeanor contempt of court by violating the restraining order and conditions of visitation in the dissolution decree. Olson does not appeal this ruling. The State appeals the trial court's dismissal of the first and second degree burglary counts for lack of probable cause.

## ISSUES

1. May the State appeal a trial court's order dismissing two of the ten counts in the complaint?

2. Do Minn.Stat. §§ 609.582, subd. 1(a) and 609.582, subd. 2(a) require intent to commit a crime in excess of a misdemeanor?

## ANALYSIS

■ 1. The prosecuting attorney may appeal as of right to the court of appeals:

(1) in any case, from any pretrial order of the trial court except an order dismissing a complaint for lack of probable cause to believe the defendant has committed an offense or an order dismissing a complaint pursuant to Minn.Stat. § 631.21;

Minn.R.Crim.P. 28.04. *State v. Aarsvold,* 376 N.W.2d 518 (Minn.Ct.App.), *pet. for rev. denied* (Minn. Dec. 30, 1985), held that the State may appeal from a pretrial order dismissing a felony-murder charge for lack of probable cause on grounds that sale of cocaine is not a proper predicate felony. Dismissal of charges for lack of probable cause may be appealed where the dismissals "effectively prevented further prosecutions and made reissuing the complaints pointless." *Id.* at 520. *See State v. Barutt,* 312 N.W.2d 667 (Minn.1981). Here, as in *Aarsvold,* the State has no additional evidence with which it could reinstate prosecutions on the dismissed counts. Nor could the State realistically obtain a different interpretation of the statutes from other courts. The dismissal of the two counts

prevented further prosecution under them. This order therefore is appealable under Minn.R.Crim.P. 28.04.

2. The State alleged that Olson committed misdemeanor contempt of court by violating the terms of visitation outlined in the dissolution decree. The State charged Olson with first degree burglary under § 609.582, subd. 1(a) and one count of second degree burglary under § 609.582, subd. 2(a), for entering with intent to commit that misdemeanor.

The trial court dismissed both these counts, reasoning that under both subdivisions defendant must enter with intent to commit a crime in excess of a misdemeanor. The relevant statutory provisions follow:

Subdivision 1. Burglary in the first degree. Whoever enters a building without consent and with intent to commit a crime commits burglary in the first degree and may be sentenced to imprisonment for not more than 20 years or to payment of a fine of not more than $35,000, or both, if:

(a) the building is a dwelling and another person not an accomplice is present in it;

(b) the burglar possesses a dangerous weapon or explosive when entering or at any time while in the building; or

(c) the burglar assaults a person within the building.

Subd. 2. Burglary in the second degree. Whoever enters a building without consent and with intent to commit a crime commits burglary in the second degree and may be sentenced to imprisonment for not more than ten years or to payment of a fine of not more than $20,000, or both, if:

(a) the building is a dwelling;

\*　　\*　　\*　　\*　　\*　　\*

Subd. 3. Burglary in the third degree. Whoever enters a building without consent and with intent to steal or commit any felony or gross misdemeanor commits burglary in the third degree and may be sentenced to imprisonment for not more than five years or to payment

of a fine of not more than $10,000, or both.

Subd. 4. Burglary in the fourth degree. Whoever enters a building without consent and with intent to commit a misdemeanor other than to steal commits burglary in the fourth degree and may be sentenced to imprisonment for not more than one year or to payment of a fine of not more than $3,000, or both.

Minn.Stat. § 609.582 (1984). The court analyzed the statute as follows: since fourth degree burglary requires intent to commit a misdemeanor, first and second degree burglary must require intent to commit a crime in excess of a misdemeanor. The trial court concluded that fourth degree burglary is the exclusive provision applying to persons entering buildings with intent to commit misdemeanors.

■ However, the trial court erred. Crime, as defined in Minn.Stat. § 609.02, subd. 1 (1984), includes misdemeanors. *See also State v. Sauer*, 42 Minn. 258, 44 N.W. 115 (1890).

■ The different degrees of burglary are distinguishable. First and second degree burglary require elements not required by third and fourth degree burglary, including presence of another person not an accomplice in a dwelling, possession of a dangerous weapon, or assault of a person in a building. *See* § 609.582. These factors distinguish first and second degree burglary from third and fourth degree burglary. The nature of the crime intended distinguishes third degree burglary from fourth degree burglary, but not first degree from fourth degree. Therefore, the trial court erred in dismissing counts I and III.

■ The trial court properly refused to dismiss the first degree burglary count charged under § 609.582, subd. 1(c) (assault of a person within a building).[1] However, the trial court erroneously added that only if an assault in excess of misdemeanor

assault was proved at trial could the first degree burglary charge stand. The State acknowledges that the evidence establishes only intent to commit a misdemeanor assault. "Assault" as defined in § 609.582, subd. 1(c), includes misdemeanor assault. *See* Minn.Stat. § 609.02, subd. 10 (1984). Therefore, the State need not prove assault in excess of misdemeanor assault in order to prove first degree burglary.

## DECISION

The trial court's order was appealable. The trial court erred in dismissing counts I and III. We reinstate counts I and III and remand for trial. "Assault" as defined by § 609.582, subd. 1(c), includes misdemeanor assault.

Reversed and remanded for trial.

RANDALL, Judge, concurring specially

I concur in the decision of the majority to reverse and remand for trial.

The record and the trial court's memorandum of law attached to its order leave no doubt that the court dismissed counts one and three on questions of law. I agree with the majority that the State has the right of appeal pursuant to Minnesota Rules of Criminal Procedure 28.04. When a prosecution's complaint is dismissed on a point of law rather than because enough facts to show probable cause were not present, dismissal is appealable by the State. *State v. Aarsvold*, 376 N.W.2d 518 (Minn.Ct.App.), *pet. for rev. denied* (Minn. Dec. 30, 1985), *citing State v. Barrutt*, 312 N.W.2d 667 (Minn.1981) and *State v. Wicks*, 258 N.W.2d 598 (Minn.1977).

The trial court dismissed one count of burglary in the first degree, Minn.Stat. § 609.582, subd. 1(a) (1984), and one count of burglary in the second degree, Minn. Stat. § 609.582, subd. 2(a) (1984), holding that since the only crime the State claimed defendant had on his mind while entering the building was the intent to commit a misdemeanor (misdemeanor criminal contempt, Minn.Stat. § 588.20(4) (1984)), that

1. We review this issue because the interest of justice requires it. *See* Minn.R.Civ.App.P. 103.-04.

the dismissed counts could not lie as those two counts required intent to enter a building and commit a gross misdemeanor or felony. The trial court held that burglary in the fourth degree, Minn.Stat. 609.582, subd. 4, was the exclusive remedy when the unauthorized entry was made with the intent to commit only a misdemeanor.

I agree with the majority that when the intent is only to commit a misdemeanor, an unauthorized entry may still support a burglary charge under the two dismissed counts if the building is a dwelling (burglary in the second degree, Minn.Stat. § 609.-582, subd. 2(a)) or if the building is a dwelling and another person not an accomplice is present (burglary in the first degree, Minn. Stat. § 609.582, subd. 1(a)).

Burglary in the fourth degree by definition involves a building, which can mean any building. The burglary statutes state that entry of a dwelling, meaning a building used as a permanent or temporary residence, may be considered a separate and more serious crime. Thus, the added element of a "dwelling" in the two dismissed counts allows them to be charged when the unauthorized entry is coupled with an intent to commit *any* crime.

In addition to dismissing counts one and three, the trial court continued its reasoning that the more serious burglaries require an attempt to commit a crime in excess of a misdemeanor when it stated in its memo that count two (burglary in the first degree, Minn.Stat. § 609.582, subd. 1(c)), would lie only if the evidence admitted at trial sustained an assault in excess of misdemeanor assault. Thus, I agree with the reasoning of the majority that the dismissed counts are appealable, and the trial on those two charges is technically proper.

However, I am concerned about another aspect of this case, and that is the possibility of overcharging. Less than a year prior to the incident, the defendant and the victim had been divorced, and there were two minor children involved with whom the defendant was granted reasonable visitation. The divorce decree prohibited defendant from consuming alcohol or any controlled substance during visitation or for twelve hours before visitation. From this portion of the dissolution decree and from the facts alleged in the various ten counts, a chemical dependency problem on the part of defendant can reasonably be inferred.

Defendant went to a home where his ex-wife was living with another man, forced his way into the home and hit or slapped his ex-spouse at least three times, once with a telephone after he broke the connection. The evidence supports the finding that defendant had violated the terms of the dissolution decree prohibiting drinking. Defendant claimed he wished to visit with his children, but the evidence easily supports findings that midnight was not a regularly scheduled visitation hour and that his behavior was clearly inappropriate, involving elements of trespass and misdemeanor assault.

The State concedes that none of the few blows defendant inflicted on the victim would support any assault charge other than misdemeanor assault. Based on this set of facts, a criminal complaint was filed against defendant charging the following ten different counts:

Count I: Burglary in the First Degree— 609.582, subd. 1(a)

Count II: Burglary in the First Degree— 609.582, subd. 1(c)

Count III: Burglary in the Second Degree—609.582, subd. 2(a)

Count IV: Burglary in the Fourth Degree—609.582, subd. 4

Count V: Trespass—609.605(6)

Count VI: Trespass—609.605(6)

Count VII: Criminal Damage to Property—609.595, subd. 2

Count VIII: Assault in the Fifth Degree —609.224 (1)

Count IX: Assault in the Fifth Degree— 609.224 (2)

Count X: Criminal Contempt—588.20(4)

At oral argument, upon direct response to a question concerning the possibility of overcharging, the assistant county attorney handling the matter honestly and candidly agreed that he probably overcharged and agreed that the numerous charges may have influenced the trial court in its dismis-

sal of counts one and three. The attorney stated that, when presented with the facts of the case, because he had not been involved in this type of case before, he scoured the statutes to make sure that he did not miss anything. He stated that he wanted to be sure and charge under every possible statute because it is always easier to dismiss counts later rather than to charge new ones.

While I approve of the candor of the prosecuting attorney's response, I'm troubled by a case involving ten counts on this factual situation. The most serious count involves a presumptive sentence (assuming a zero criminal history score) of 24 months incarceration in the state penitentiary, and there are three other serious felony counts and six misdemeanors. I'm not sure that the drafters of the burglary statutes contemplated this fact situation.

If, due to the interests of justice, there was a reluctance on the part of the trial court to sanction overcharging, I concur with the trial court in its attempt to de-escalate the charges.